*i*

United States District Court
Southern District of Texas
FILED

DEC 2 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DAVID RAMOS and EMMA RAMOS, et al., § § § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. **B -01 - 212** |
| § | |
| HONEYWELL INTERNATIONAL INC., § | |
| Defendant. § | |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027

TO:    ALL PARTIES ON ANNEXED SERVICE LIST

Honeywell International, Inc. ("Honeywell"), formerly known as AlliedSignal Inc., as

successor in interest to the Bendix Corporation, by and through its undersigned counsel, Thompson &

Knight L.L.P., hereby gives notice of the removal to the United States District Court for the Southern

District of Texas of the claims that have been asserted against Honeywell in the action captioned

*David Ramos and Emma Ramos, et al. v. Armstrong World Industries, Inc., et al.,* now pending in the

357th Judicial District Court of the State of Texas, County of Cameron, with Cause No. 00-11-4816-

E. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal

Rules of Bankruptcy Procedure, and as grounds for such removal Honeywell respectfully states as

follows:

1.    On October 1, 2001 (the "Petition Date"), Federal-Mogul Global, Inc. (collectively

"Federal-Mogul") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States

Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for

the District of Delaware, commencing bankruptcy case number 01-10578.

2.      The above referenced state action, which encompasses the removed claims, was commenced prior to October 1, 2001, by the filing of a Petition in the 357th Judicial District Court, Cameron County, Texas.

3.      The removed claims are for personal injury or wrongful death asserted against Honeywell. Honeywell, formerly known as AlliedSignal Inc., is the successor in interest to Allied Corporation which, in turn, was the successor in interest to the Bendix Corporation. The Automotive Sector of AlliedSignal Inc. was the business unit within AlliedSignal Inc., which continued the "Bendix" line of automotive friction products.

4.      Federal-Mogul, or companies acquired by Federal Mogul Global, Inc., were named as co-defendants of Honeywell in this action.

5.      The plaintiff in the above referenced action has asserted that joint and several liability arises as to each named co-defendant in this action.

6.      As a result, in the above referenced action Honeywell has either affirmatively asserted a cross-claim for indemnification and/or contribution against Federal-Mogul, or such a cross-claim against Federal-Mogul arises automatically by operation of law.

7.      Conversely, Federal-Mogul has also either affirmatively asserted a cross-claim for indemnification and/or contribution against Honeywell, or such a cross-claim against Honeywell arises automatically by operation of law.

8.      The above referenced claims for personal injury asserted against Honeywell, as well as the cross-claims asserted by Honeywell and the corresponding cross-claims asserted by Federal-Mogul may be removed to this Court pursuant to 28 U.S.C. § 1452(a). Removal of these claims is proper because the removed claims are: asserted in a civil action; not exempt from removal; and this Court has subject matter jurisdiction over the removed claims pursuant to 28 U.S.C. §1334 due to the

fact that these cross-claims asserted by and against Honeywell are related to Federal-Mogul's

bankruptcy proceeding. See In re Dow Corning Corp., 86 F.3d 482, 494 (6th Cir. 1996) (holding that

Section 1334(b) "related to" subject matter jurisdiction exists over actions for indemnification and

contribution claims asserted by non-debtor co-defendants against the debtor).

9.      Removal to this Court is timely pursuant to Rule 9027 (a)(2) of the Federal Rules of

Bankruptcy Procedure in that the claims in the civil action were pending before the commencement of

the Federal-Mogul bankruptcy case on October 1, 2001, and this Notice has been filed within ninety

days of the Order for Relief from the Bankruptcy Court.

10.      Consent of the other named co-defendants is not necessary for removal pursuant to 28

U.S.C. § 1452. See Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985).  Further, a

cost bond is not required to accomplish this removal.

11.      Upon removal, the proceedings with respect to the removed claims are non-core.

Honeywell does not consent to entry of a final order or judgment by the bankruptcy judge to the

extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. §

157(b)(5).

12.      Contemporaneously with this filing, Honeywell is in the process of filing a Motion to

Transfer, pursuant to 28 U.S.C. §§ 157 (b)(5) (the "Transfer Motion"), with the United States

Bankruptcy Court for the District of Delaware, attached hereto as Exhibit A, asking that Court to issue

a provisional order to transfer the above referenced removed claims for a consolidated resolution of

the threshold scientific question, by means of a Daubert hearing, whether the plaintiff in the

underlying actions can establish that automotive friction products containing encapsulated asbestos

fibers can be the proximate cause of certain asbestos-related medical disorders. See 28 U.S.C. §

157(b)(5) (1994); Daubert v. Merril Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993);  In re Dow

Corning Corp., 86 F.3d at 496-97 (holding that 28 U.S.C. § 157 (b)(5)  vests the power to fix venue

over personal injury or wrongful death actions pending against non-debtor co-defendants which are

"related to" a debtor's bankruptcy proceeding, pursuant to 28 U.S.C. § 1334(b),  with the district court

where the bankruptcy case resides).

13.      On December 10, 2001, the United States District Court for the District of Delaware

issued a provisional Order, attached hereto as Exhibit B, granting the exact same relief to Daimler

Chrysler Corporation, Ford Motor Company and General Motors Corporation (collectively the "Auto

Makers"), as that requested by Honeywell in this Notice.  The Delaware District Court ordered the

transfer of the removed claims and causes of action for personal injury or wrongful death asserted

against the Auto Makers arising from automotive friction products.  Accordingly, Honeywell

respectfully requests that this Court stay any subsequent motions requesting this Court to abstain

and/or remand these claims to the state court until the Honeywell Transfer Motion is resolved by the

Delaware District Court.

14.      Honeywell at this time also seeks an order from this Court limiting the documents

required to be filed with its notice of removal.  Accordingly, Honeywell is simultaneously filing a

"Motion to Limit Documents Filed With Notice Of Removal" and incorporates this motion by

reference herein.

### NOTICE

15.      A copy of this Notice of Removal  and related documents has been served by

facsimile or by regular mail on counsel of record for all represented parties and upon all unrepresented

parties to the action pending in state court.

Dated: December _____ 𝒰 _____, 2001

Dallas, Texas

By: _Dawn M. Wright_

                  Dawn M. Wright
                  "Attorney in Charge"
                  State Bar No. 12742030
                  Southern Dist. Bar No. 11545


                  THOMPSON & KNIGHT L.L.P.

                  1700 Pacific Avenue, Suite 3300
                  Dallas, Texas 75201
                  Ph.: (214) 969-1700
                  Fax: (214) 969-1751

                  ATTORNEYS FOR DEFENDANT
                  HONEYWELL INTERNATIONAL INC.


## CERTIFICATE OF SERVICE

I, Dawn M. Wright, of full age, hereby certify that on the _𝒰_ day of December 2001, I

caused a true and correct copy of the Notice of Removal Pursuant to 28 U.S.C. § 1452 and Federal

Rule Of Bankruptcy Procedure 9027 to be served on counsel for Plaintiff(s) via Express Mail and/or

consistent with Federal Rule of Civil Procedure 5(b).

                  _Dawn M. Wright_
                  Dawn M. Wright

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FEDERAL-MOGUL GLOBAL INC., | ) | Case No. 01-10578 (RJN) |
| *et al.* | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Objection Due: December 28, 2001, 4:00 p.m. |
| | ) | Hearing Date:  January 4, 2002, 8:30 a.m. |

## MOTION TO PARTIALLY WITHDRAW THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d) AND TO TRANSFER RELATED CLAIMS AND CAUSES OF ACTION PURSUANT TO 28 U.S.C. § 157(b)(5)

TO:    HON. RANDALL J. NEWSOME
       UNITED STATES BANKRUPTCY COURT JUDGE

Honeywell International, Inc. ("Honeywell"), by and through its undersigned counsel,

Tybout, Redfearn & Pell and Drinker Biddle & Shanley LLP, in support of this Motion to

Transfer Related Claims and Causes of Action (the " Transfer Motion"), as defined below,

respectfully states as follows:



- 1 -

# BACKGROUND

1.      On October 1, 2001 (the "Petition Date"), Federal-Mogul Global Inc., et al.

(collectively, "Federal-Mogul" or the "Debtors") filed voluntary petitions for relief under chapter

11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the

United States Bankruptcy Court for the District of Delaware.

2.      The Debtors continue to operate their respective businesses and manage their

respective properties pursuant to sections 1107 and 1108 as debtors-in-possession.

3.      Through its bankruptcy petition filed with this Court, Federal-Mogul claimed that a

primary reason for the commencement of the above case was due to the overwhelming defense and

settlement costs relating to potential liability for asbestos-related claims asserted against the Debtors,

or businesses the Debtors acquired. (Aff. of David M. Sherbin ("Sherbin Aff.") in Support of First

Day Motions at ¶ 18).  As of June 30, 2001, the Debtors stated that they were named co-defendants

in over three hundred thousand (300,000) pending asbestos-related personal injury claims in federal

and state court actions across the country.  Of those claims, at least one hundred nineteen thousand

(119,000) had been filed against the Debtors in the first six months of 2001 (Sherbin Aff. at ¶ 16).

4.      Though not nearly as large as the number of cases filed against Federal-Mogul, a

substantial number of personal injury claimants have named Honeywell, as successor-in-interest of

Bendix Corp. ("Bendix"), as defendant in claims alleging injuries due to asbestos-containing friction

products that were allegedly manufactured or supplied by Bendix.  Most of these cases also name

Federal-Mogul as a co-defendant.

5.      The personal injury claimants in the above referenced actions have asserted that

joint and several liability arises as to each named co-defendant in this action.  As a result, in the

above referenced actions where Federal-Mogul is a co-defendant, Honeywell has either

affirmatively asserted a cross-claim for indemnification and/or contribution against Federal-Mogul, or such a cross-claim against Federal-Mogul arises automatically by operation of law. Conversely, Federal-Mogul has also either affirmatively asserted a cross-claim for indemnification and/or contribution against Honeywell, or such a cross-claim against Honeywell arises automatically by operation of law.

6.    Honeywell is in the process of removing claims and causes of action involving such products that are pending in state courts pursuant to 28 U.S.C. § 1452(a) and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure.

7.    This Transfer Motion encompasses all claims and causes of action against Honeywell in state or federal courts alleging injuries due to friction products where Federal-Mogul is a co-defendant, as well as the claims asserted by Honeywell against the Debtors for indemnification and/or contribution and the corresponding claims asserted by the Debtors against Honeywell for indemnification and/or contribution.

8.    On November 20, 2001, Daimler Chrysler Corporation, Ford Motor Company and General Motors Corporation (collectively the "Auto Makers") filed a similar motion requesting the transfer of the claims and causes of action asserted against them due to identical friction products, and sought the same relief as that sought by Honeywell in the instant motion.

9.    On November 29, 2001, this Court issued an Order, pursuant to 28 U.S.C. § 292(b) and the order of the Honorable Edward R. Becker, Chief Judge of the United States Court of Appeals for the Third Circuit, assigning the above referenced bankruptcy proceeding to the Honorable Alfred E. Wolin of the United States District Court for the District of New Jersey.

10.   On December 10, 2001, Judge Wolin issued an Order partially withdrawing the reference of the case with respect to the Auto Makers transfer motion and granted the Auto

Makers application for a provisional order transferring the friction products claims asserted against the Auto Makers to the Delaware District Court pending further Order of the Court.

11.    Accordingly, Honeywell respectfully submits that the Transfer Motion that is the subject of this motion should be granted, and the claims or causes of action asserted against Honeywell and the cross-claims for indemnification and/or contribution asserted by Honeywell against Federal-Mogul, and the corresponding cross-claims asserted by Federal-Mogul against Honeywell, should be provisionally transferred to this Court pursuant to 28 U.S.C. § 157(b)(5).

## REQUESTED RELIEF AND REASONS THEREFOR

12.    For the reasons stated more fully below, Honeywell respectfully submits that this Court has jurisdiction over this proceeding, and the transfer of these claims and causes of action is appropriate because it is in the interests of justice, it furthers judicial economy, it will avoid unnecessary and duplicative costs and the consolidation of these claims and causes of action into the bankruptcy proceeding will benefit the bankruptcy estate.

## A.    Withdrawal of the Reference

Section 157(d) of title 28 of the United States Code provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on the timely motion of any party, for cause shown.

> 28 U.S.C. § 157(d) (1994)

Section 157(b)(5) of title 28 of the United States Code provides:

- 4 -

The district court shall order that personal injury tort and wrongful

death claims shall be tried in the district court in which the

bankruptcy case is pending, or in the district court in the district in

which the claim arose, as determined by the district court in which

the bankruptcy case is pending.


28 U.S.C. § 157(b)(5) (1994)


13.     Pursuant to these statutory provisions, the district court has the power to

withdraw the reference, and has in fact exercised that power in its Order issued on December 10,

2001. Accordingly, Honeywell respectfully requests that the district court partially withdraw the

reference in this case to effectuate the relief sought by the Transfer Motion.

## B.  Jurisdiction Over Transfer Motion

Section 1334(b) of title 28 provides:

Notwithstanding any Act of Congress that confers exclusive

jurisdiction on a court or courts other than the district courts,

the district courts shall have original but not exclusive

jurisdiction of all civil proceedings arising under title 11, or

arising in or *related to a case under title 11*.


28 U.S.C. § 1334(b) (1994) (emphasis added).

- 5 -

Section 1334(b) of title 28 provides broad jurisdictional grant to the district courts for

bankruptcy cases and related proceedings, including the claims and causes of action that are the

subject of this Transfer Motion. In <u>Celotex Corp. v. Edwards</u>, the Supreme Court adopted an

expansive definition of "related to" jurisdiction first enunciated by the Third Circuit in <u>Pacor</u> by

stating:

> The usual articulation for determining whether a civil proceeding is
>
> related to a bankruptcy is whether the *outcome of that proceeding*
>
> *could conceivably have an effect on the estate being administered in*
>
> *bankruptcy*.... Thus, the proceeding need not necessarily be against
>
> the debtor or against the debtor's property. An action is related to
>
> the bankruptcy if the outcome could alter the debtor's rights,
>
> liabilities, options or freedom of action (either positively or
>
> negatively) and which in any way impacts upon the handling and
>
> administration of the bankrupt estate.

514 U.S. 300, 306, 308 n.6 (1995) (citing <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3d Cir.

1984)) (emphasis in original).

14.     Under this test the Court has "related to" jurisdiction over the claims and causes of

action that are the subject of the Transfer Motion. These claims have a substantial effect on the

Debtors' estates, and their disposition will directly affect the Debtors' rights, property and

liabilities. The claims and causes of action that are subject to the Transfer Motion are

unliquidated. This poses three problems for this Court. First, the determination of whether a

class of creditors has accepted or rejected a proposed plan of reorganization is made with

reference to the dollar amount of the claim held by each creditor in the class. See 11 U.S.C. §

1126(c) (1994). This Court cannot attempt to complete this process or seek any confirmation of

a plan until some value is placed on the cross-claims for indemnification and/or contribution

against the Debtors. Second, a plan generally cannot be confirmed if its implementation is

"likely to be followed by the liquidation, or the need for further financial reorganization of the

debtor." 11 U.S.C. § 1129(a)(11) (1994). If the amount of any proposed payment held by a

certain class of creditors (either the underlying asbestos claimants or the co-defendant cross-

claimants) is unknown, then this Court has no sound basis for making a finding that the amount

is "feasible" for purposes of section 1129(a)(11). Third, a plan is difficult, if not impossible to

formulate, if the claims to be paid are for amounts that are unknown, especially where the

liability of the Debtors remains undetermined. Accordingly, this Court should find that the

claims and causes of action that are subject to the Transfer Motion are sufficiently "related to"

the Debtors' bankruptcy proceeding pursuant to 28 U.S.C. § 1334(b).

**C.      Scope of Transfer**

15.      Similarly, this Court has express authorization to transfer these claims and causes of

action. Section 157(b)(5) provides:

> The district court shall order that personal injury tort and
>
> wrongful death claims be tried in the district court in which the
>
> bankruptcy case is pending or in the district court in the district
>
> in which the claim arose, as determined by the district court in
>
> which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5) (1994).

- 7 -

16.     Honeywell respectfully contends that this Court has the authority and should

exercise such authority to transfer these claims as it did with the Auto Makers' application.  This

Court should exercise such authority in the interests of justice, for the benefit of all parties in the

litigation, and for the benefit of the estate.  The transfer would permit the eventual consolidation

of such claims for purposes of determining the common threshold scientific question of whether

the plaintiffs in the underlying actions can establish that friction products containing encapsulated

asbestos fibers, can, as a matter of established medical science, be a cause of certain asbestos-related

medical disorders.    Honeywell adopts, and incorporates by reference, the persuasive arguments

advanced by the auto makers in a corresponding Memorandum of Law filed in this proceeding. See

Memorandum of Daimler Chrysler Corporation, Ford Motor Company and General Motors

Corporation in Support of Their Motion to Transfer Related Claims (the "Auto Makers Motion")

(filed on November 20, 2001).

17.     The litigation against Honeywell and its co-defendants exists only because the

distinct body of science relating to automotive brakes has not been given proper force.  Science

shows that brake workers are not exposed to significant quantities of asbestos.  Further, the

established epidemiology has shown no causal relationship between exposure to brake dust and

asbestos-related disorders.

18.     Moreover, the procedural tools exist for adjudication of the core scientific issue of

general causation.  The Supreme Court's decision in Daubert v. Merril Dow Pharmaceuticals, Inc.,

509 U.S. 579 (1993) mandates scrutiny of scientific evidence for its reliability.  The established

science demonstrating the absence of any increased risk associated with automotive brakes presents

a clear case for dismissal under Daubert.

19.     Honeywell respectfully asks the Court to exercise its power to resolve the <u>Daubert</u> issue, which is central to these Chapter 11 proceedings.  This limited resolution of this issue will help resolve the complex and substantial liability problem that could otherwise consume a significant part of this case and might preclude any attempt at reorganization by the Debtors.

20.     To efficiently and fully effect such relief, Honeywell respectfully requests that this Court immediately enter a provisional order transferring these claims and causes of action to this Court (the "Provisional Transfer Order").  After further notice and an opportunity for a hearing by the affected parties, the Provisional Order can be made final.

21.     The procedure that Honeywell is requesting this Court to employ in immediately entering the Provisional Transfer Order, to be made final upon notice and a hearing for all affected parties, is exactly the procedure followed in prior mass tort bankruptcies such as <u>A.H. Robins</u>.

22.     In <u>A.H. Robins v. Piccinin</u>, 788 F.2d 994, 1015 (4th Cir. 1986), the Fourth Circuit required the same procedure stating that the immediate transfer:

> ... is ... conditional, dependent finally and ultimately on a ruling
>
> to be made only after notice to all claimants advising them of
>
> their right to enter any objections they may have to such a
>
> tentative ruling and to submit a motion for abstention in their
>
> particular case.  The notice to be given all claimants could be in
>
> the form of a letter to both the claimant and to his or her attorney
>
> stating the conditional ruling made subject to a final hearing, to
>
> become final only after reasonable opportunity given all
>
> claimants to object and/or to seek abstention.  We would think
>
> the notice should fix a time limit for the filing of objections by

claimants and should fix a date for hearing on the objections.

The tentative order might be made final as to any claimant who

failed to enter an objection within the prescribed time …. Such a

[procedure] …, it would seem, should satisfy the requirements of

due process and of the Bankruptcy Rules in the unusual

circumstances of this case.

Id.

23.    The immediate Provisional Transfer Order is necessary to effectuate the relief sought

by Honeywell to maintain the status quo and to prevent a mad scramble by the underlying asbestos

plaintiffs in the numerous district courts where removal actions have been filed requesting that the

transferor district court remand the removed claims or causes of action pursuant to 28 U.S.C. §

1452(b), or abstain from considering the removed actions under 28 U.S.C. § 1334(c)(1).

Honeywell respectfully contends that such actions would be at odds with the clear purpose of 28

U.S.C. § 157(b)(5), the Order of Chief Judge Robinson dated November 29, 2001 implementing the

Order of Chief Judge Becker and transferring these cases to this Court for consolidation, and the

Order of this Court dated December 10, 2001, granting similar relief to the Auto Makers.

Accordingly, Honeywell requests the immediate entry of the Provisional Transfer Motion in

the interests of justice for all parties.

## NOTICE

24.    A copy of this Motion and related documents has been served electronically or by

regular mail on (a) Laura Davis Jones, Esq. and James E. O'Neill, Esq., Pachulski, Stang, Ziehl,

Young & Jones, attorneys for the Debtors; (b) Robert Jacobs, Esq., Jacobs & Crumplar, P.A.,

attorneys for the Plaintiffs; (c) William E. Chipman, Jr., Greenberg Traurig, LLP, attorneys for the

- 10 -

Bank of New York; (d) Charlene D. Davis, Esq. and Eric M. Sutty, Esq., the Bayard Firm, attorneys

for the Official Committee of Unsecured Creditors; (e) Matthew G. Zaleski III, Esq., Campbell &

Levine LLC, attorneys for the Clinton Dale Ferguson Creditor Committee and the Official

Committee of Asbestos Claimants Creditor Committee; (f) Steven T. Davis, Esq., Obermeyer

Rebmann, Maxwell & Hippel, LLP, attorneys for the Unofficial Committee of Select Asbestos

Claimants; (g) the Office of the United States Trustee for this Region; and all persons who have

entered notices of appearance in these cases as of December 17, 2001. In light of the nature of the

relief requested herein, Honeywell submits that no other or further notice is required.

      **WHEREFORE**, Honeywell respectfully requests that this Court immediately issue an

Order (i) provisionally transferring the associated claims and causes of action asserted against

Honeywell, the cross-claims asserted by Honeywell against the Debtors, and the corresponding

cross-claims asserted by the Debtors against Honeywell to this Court pursuant to 28 U.S.C. §

157(b)(5); (ii) providing that such Order shall become final after notice to, and an opportunity for

hearing for the affected parties; and (iii) granting Honeywell such other relief as is just.


Dated:  December 17, 2001


                                    TYBOUT, REDFEARN & PELL
                                    300 Delaware Avenue
                                    P.O. Box 2092
                                    Wilmington, Delaware  19899
                                    (302) 658-6901
                                    (302) 658-4018
                                    (Bar I.D. 2464)
                                    By: _____
                                        Sherry R. Fallon

and

DRINKER BIDDLE & SHANLEY LLP
A Pennsylvania Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey  07932-1047
(973) 360-1100

By: _____
       A. Dennis Terrell

Attorneys for Honeywell International, Inc.

#784571

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: FEDERAL-MOGUL      :    Chapter 11
GLOBAL, INC., T&N         :    Case Nos. 01-10578, et al.[1]
LIMITED, et al.,          :
                          :
          Debtors.        :
-------------------------

### ORDER: (1) **PARTIALLY WITHDRAWING THE REFERENCE, and**
###        (2) **PROVISIONALLY TRANSFERRING CERTAIN FRICTION**
###            **PRODUCT CLAIMS**

This matter having been opened upon the motion of General
Motors Corporation, Ford Motor Company and Daimler Chrysler
Corporation for a motion to transfer (the "Transfer Motion")
certain lawsuits against them arising out of so-called "friction
products" as to which the movants contend they have a right of
indemnification against the debtors in these administratively
consolidated Chapter 11 proceedings (the "Friction Product
Claims"); and it appearing that movants have removed these cases
from the several state courts to the United States District
Courts for the Districts in which these cases were pending; and
the movants having also moved for a provisional order of transfer
to preserve the _status quo_ pending a plenary hearing and
determination by the Court of the Transfer Motion; and the Court
having reviewed the several briefs and letters of counsel in
support and in opposition to the provisional transfer motion; and
good cause appearing

---

[1]See attached list.



It is this 10th day of December, 2001

ORDERED that, pursuant to 28 U.S.C. § 157 and the Order of this Court issued December 10, 2001, the reference of this case to the Bankruptcy Court, Judge Randall K. Newsome presiding, is hereby withdrawn with respect to the Transfer Motion and the provisional transfer motion, and with respect to matters involving subject matter jurisdiction, abstention and remand regarding the Friction Product Claims, and it is further

ORDERED that the application for a provisional transfer Order is granted and the Friction Product Claims are hereby provisionally transferred to this Court subject to further Order of the Court, and it is further

ORDERED that all parties shall refrain from submitting papers in support of or in opposition to the Transfer Motion pending further Order of the Court providing for notice, a briefing schedule and a hearing date for the Transfer Motion.


/s/_____
ALFRED M. WOLIN, U.S.D.J.

2

# IN RE: FEDERAL-MOGUL GLOBAL, INC.
## Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID RAMOS and EMMA RAMOS, et al., | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-01-212 |
| v. | § § | |
| HONEYWELL INTERNATIONAL INC., | § § | |
| Defendant. | § | |

**INDEX OF DOCUMENTS FILED IN STATE COURT**

| Tab | Document | Date |
|---|---|---|
| A | Docket Sheet from State Court | |
| B | Plaintiffs' Live Petition | 11/28/00 |
| C | Citation | 12/1/00 |
| D | Executed Process | 1/25/01 |
| E | Defendant's Answer | 2/20/01 |

002265 000189 Dallas 1374477 1

CERTIFIED

RUN DATE 12/19/01
RUN TIME 11:11 AM

*   *   *   *   *   C L E R K ' S   E N T R I E S   *   *   *   *   *

ARMSTRONG WORLD INDUSTRIES, INC.

            VS

DAVID RAMOS, ET AL

00464905
SCOTT WERT
1201 N. WATSON ROAD, SUITE 145
ARLINGTON, TEXAS        76006 0000

00287701
PETER A MOIR
800 TRAMMELL CROW CENTER
DALLAS TEXAS            75201 0000                    (10)

                                                      DAMAGES

| Date | Entry | | Date | Entry |
|---|---|---|---|---|
| 01/19/01 | ORDER NOTICE OF NONSUIT/NO ORDER        ALIMAS/IG | | 11/28/00 | ORIGINAL PETITI |
| 01/19/01 | (AS TO GAF CORP)IG | | 11/28/00 | JURY FEE: Pd. b |
| 06/12/01 | ORDER DISMISSAL            AC LIMAS/IG | | 11/28/00 | CITATION: ARMST |
| 06/12/01 | (BANKRUPT DEFENDANTS, ARMSTRONG WORLD INDUSTRIES, INC. AND | | | INC. |
| 10/30/01 | W. R. GRACE, ONLY) | | 11/28/00 | SERVED: 01/2 |
| 10/30/01 | MTN FOR TRIAL SETTING SET FOR 11/14/01 @ 9:30 A.M.,AS PER ORDER | | 11/29/00 | CITATION SEC. C |
| 11/14/01 | AC LIMAS/IG | | | ILLINOIS, INC. |
| 11/14/01 | HEARING ON MTN FOR TRL SETTING RESET TO 11/28/01. ACLIMAS/MG | | 11/29/00 | SERVED: 01/1 |
| 11/20/01 | "PLTF., ALFREDO FLORES FROM CAUSE NO 99-01-336-A CONSOLIDATED | | 11/29/00 | CITATION: CROWN |
| 11/20/01 | INTO THIS CASE", AS PER ORDER...BEURESTI/IG | | | INC. |
| 11/28/01 | ANN & TRL SET FOR 06/24/02. ORDER TO BE SUBMITTED. ACLIMAS/MG | | 11/29/00 | SERVED: 01/2 |
| 12/05/01 | ORDER OF DISMISSAL            AC LIMAS/IG | | 11/29/00 | CITATION: METRO |
| 12/05/01 | (BANKRUPT DEFTS., US GYPSUM CO & US MINERAL PRODUCTS CO) | | | COMPANY |
| | | | 11/29/00 | SERVED: 01/2 |
| | | | 11/29/00 | CITATION: FOST) |
| | | | | CORPORATION |
| | | | 11/29/00 | SERVED: 01/ |
| | | | 11/29/00 | CITATION: W.R. |
| | | | 11/29/00 | SERVED: |
| | | | 11/29/00 | CITATION: NORT |
| | | | | COMPANY |
| | | | 11/29/00 | SERVED: 01/ |
| | | | 11/29/00 | CITATION: PROK |
| | | | 11/29/00 | SERVED: 02/ |
| | | | 11/29/00 | CITATION SEC. |
| | | | | COMPANY |
| | | | 11/29/00 | SERVED: 01/ |
| | | | 11/29/00 | CITATION: GEOR |
| | | | 11/29/00 | SERVED: 01/ |

RUN DATE 12/19/01
RUN TIME 11:11 AM

**CERTIFI**

\*   \*   \*   C L E R K ' S   E N T R I E S   \*   \*   \*

DAVID RAMOS, ET AL

VS

ARMSTRONG WORLD INDUSTRIES, INC.

(10)

DAMAGES

00464905
SCOTT WERT
1201 N. WATSON ROAD, SUITE 145
ARLINGTON, TEXAS        76006 0000

00287701
PETER A MOIR
800 TRAMMELL CROW CENTER
DALLAS TEXAS         75201 0000

11/29/00  CITATION SEC. 0
          PRODUCTS COMPAN
11/29/00  SERVED: 01/3
11/29/00  CITATION SEC. 0
11/29/00  CITATION SEC. 0
          COMPANY
11/29/00  SERVED: 01/1
11/29/00  CITATION SEC. 0
          HOLDING INC.
11/29/00  SERVED: 01/2
11/29/00  CITATION: KELLY
          INC.
11/29/00  SERVED: 03/0
11/29/00  CITATION SEC. 0
11/29/00  SERVED: 01/1
11/29/00  CITATION SEC. 0
          CORPORATION
11/29/00  SERVED: 01/1
11/29/00  CITATION: KAISE
          CORPORATION
11/29/00  SERVED: 01/2
11/29/00  CITATION: RILEY
11/29/00  SERVED: 03/0
11/29/00  CITATION: GENER
11/29/00  SERVED: 01/2
11/30/00  CITATION SEC. 0
11/30/00  SERVED: 01/
11/30/00  CITATION SEC. 0
11/30/00  SERVED: U.S.
11/30/00  SERVED: 01/
11/30/00  CITATION: QUIG

RUN DATE 12/19/01
RUN TIME 11:11 AM

DAVID RAMOS, ET AL

VS

ARMSTRONG WORLD INDUSTRIES, INC.

\*     \*     \*     C L E R K ' S   E N T R I E S     \*     \*     \*

CERTIFIED

00464905
SCOTT WERT
1201 N. WATSON ROAD, SUITE 145
ARLINGTON, TEXAS          76006 0000

00287701
PETER A MOIR
800 TRAMMELL CROW CENTER
DALLAS TEXAS          75201 0000

(10)     DAMAGES

| | |
|---|---|
| 11/30/00 | SERVED: 01/2 |
| 11/30/00 | CITATION: GASKE |
| 11/30/00 | SERVED: 01/2 |
| 11/30/00 | CITATION: J.T. |
| 11/30/00 | SERVED: 03/0 |
| 11/30/00 | CITATION: DANA |
| 11/30/00 | SERVED: 01/2 |
| 11/30/00 | CITATION SEC. C |
| | REFRACTORIES CO |
| 11/30/00 | SERVED: 01/1 |
| 11/30/00 | CITATION: KELLO |
| 11/30/00 | SERVED: 01/2 |
| 11/30/00 | CITATION: A C F |
| 11/30/00 | SERVED: 01/2 |
| 11/30/00 | CITATION SEC. C |
| | CORPORATION |
| 11/30/00 | SERVED: |
| 11/30/00 | CITATION SEC. C |
| 11/30/00 | SERVED: 01/1 |
| 11/30/00 | CITATION: INGER |
| 11/30/00 | SERVED: 01/2 |
| 11/30/00 | CITATION: MID-V |
| 11/30/00 | SERVED: 02/2 |
| 11/30/00 | CITATION: PLIBR |
| 11/30/00 | SERVED: 01/ |
| 11/30/00 | CITATION: UNION |
| 11/30/00 | SERVED: 01/2 |
| 11/30/00 | CITATION: DRES |
| 11/30/00 | SERVED: 02/2 |

RUN DATE 12/19/01
RUN TIME 11:11 AM

*   *   *   C L E R K ' S   E N T R I E S   *   *   *

DAVID RAMOS, ET AL

VS

ARMSTRONG WORLD INDUSTRIES, INC.

00464905
SCOTT WERT
1201 N. WATSON ROAD, SUITE 145
ARLINGTON, TEXAS     76006 0000

(10)   DAMAGES

00287701
PETER A MOIR
800 TRAMMELL CROW CENTER
DALLAS TEXAS     75201 0000

11/30/00  CITATION: NATIO
          INC.
11/30/00      SERVED: 01/1
11/30/00  CITATION: PFIZE
11/30/00      SERVED: 01/2
11/30/00  CITATION SEC. C
          FLETCHER INSULA
11/30/00      SERVED: 01/1
11/30/00  CITATION SEC. C
          & SONS, INC.
11/30/00      SERVED: 01/1
11/30/00  CITATION: GUARD
11/30/00      SERVED: 03/0
11/30/00  CITATION SEC. C
          CORPORATION ALI
11/30/00      SERVED: 01/1
11/30/00  CITATION: FORD
11/30/00      SERVED: 01/2
11/30/00  CITATION: DAIMI
11/30/00      SERVED: 01/2
11/30/00  CITATION: DAIMI
          CORPORATION
11/30/00      SERVED: 01/2
11/30/00  CITATION SEC. C
          INDUSTRIES, INC
11/30/00      SERVED: 01/1
11/30/00  CITATION: PNUEN
11/30/00      SERVED: 01/:
11/30/00  CITATION SEC. C

RUN DATE 12/19/01
RUN TIME 11:11 AM

DAVID RAMOS, ET AL

VS

ARMSTRONG WORLD INDUSTRIES, INC.

\*     \*     \*     C L E R K ' S     E N T R I E S     \*     \*     \*     \*

00464905
SCOTT WERT
1201 N. WATSON ROAD, SUITE 145
ARLINGTON, TEXAS     76006 0000

00287701
PETER A MOIR
800 TRAMMELL CROW CENTER
DALLAS TEXAS     75201 0000

(10)     DAMAGES

| | |
|---|---|
| 11/30/00 | CORPORATION |
| 11/30/00 | SERVED: 01/1 |
| 11/30/00 | CITATION: GARLC |
| 11/30/00 | SERVED: |
| 12/01/00 | CITATION: TRIPL |
| 12/01/00 | SERVED: 03/0 |
| 12/01/00 | CITATION: ALLIE |
| 12/01/00 | SERVED: 01/2 |
| 12/01/00 | CITATION: GENER |
| 12/01/00 | SERVED: 01/2 |
| 12/01/00 | CITATION: MOOG |
| 12/01/00 | SERVED: 03/0 |
| 01/19/01 | TRANSFERRED FRO |
| 01/19/01 | PLTFS' NOTICE C |
| 01/19/01 | GAF CORP)SUCCES |
| 02/15/01 | RUBEROID CO |
| 02/15/01 | OWENS-ILLINOIS |
| 02/15/01 | VENUE; AND, SUE |
| 02/15/01 | WITHOUT WAI |
| | ORIGINAL ANSWER |
| 02/15/01 | ORIGINAL PE |
| 02/15/01 | ORIGINAL ANSWER |
| 02/16/01 | ORIGINAL ANSWER |
| 02/16/01 | INSURANCE COMPA |
| 02/16/01 | CROSS ACTION: M |
| | INSURANCE COMPA |
| 02/20/01 | INSURANCE COMPA |
| 02/20/01 | ORIGINAL ANSWER |
| 02/20/01 | ORIGINAL ANSWER |
| 02/20/01 | ORIGINAL ANSWER |

RUN DATE  12/19/01
RUN TIME  11:11 AM

* * *  C L E R K ' S   E N T R I E S  * * * *

DAVID RAMOS, ET AL

VS

ARMSTRONG WORLD INDUSTRIES, INC.

00464905
SCOTT WERT
1201 N. WATSON ROAD, SUITE 145
ARLINGTON, TEXAS    76006 0000

00287701
PETER A MOIR
800 TRAMMELL CROW CENTER
DALLAS TEXAS    75201 0000

(10)

DAMAGES

| Date | Entry |
|---|---|
| 02/20/01 | COMPANY |
| 02/20/01 | CROSS ACTION: C |
| 02/20/01 | COMPANY (GRC) |
| 02/20/01 | ORIGINAL ANSWER |
| 02/20/01 | COMPANY |
| 02/20/01 | ORIGINAL ANSWER |
| 02/20/01 | INTERNATIONAL, |
| 02/20/01 | CROSS ACTION: F |
| 02/20/01 | INC. |
| 02/20/01 | CROSS ACTION: C |
| 02/20/01 | DEFT ACANDS INC |
| 02/20/01 | DEFT'S ANSWER T |
| 02/20/01 | ALL CROSS-A |
| 02/20/01 | DEMAND FOR JURY |
| 02/20/01 | DEFT HONEYWELL |
| 02/20/01 | TO TRANSFER VEN |
| 02/20/01 | ORIGINAL AN |
| 02/20/01 | ANSWER TO ALL C |
| 02/20/01 | ACTIONS(IGA |
| 02/20/01 | DEFT GENERAL MC |
| 02/20/01 | TRANSFER VENUE, |
| 02/20/01 | ANSWER, CRC |
| 02/20/01 | TO ALL CROSS-AC |
| 02/20/01 | DEFT GENERAL RE |
| 02/20/01 | APPEARANCE TO F |
| 02/20/01 | TO THE JURI |
| 02/20/01 | THERETO ITS MTN |
| 02/20/01 | VENUE, AND |
| 02/20/01 | ORIGINAL ANSWER |

RUN DATE 12/19/01
RUN TIME 11:11 AM

ARMSTRONG WORLD INDUSTRIES, INC.

DAVID RAMOS, ET AL

VS

\*     \*     \*     C L E R K ' S   E N T R I E S     \*     \*     \*     \*

(10)

00464905
SCOTT WERT
1201 N. WATSON ROAD, SUITE 145
ARLINGTON, TEXAS          76006 0000

00287701
PETER A MOIR
800 TRAMMELL CROW CENTER
DALLAS TEXAS          75201 0000

DAMAGES

| | |
|---|---|
| 02/20/01 | ORIGINAL PE |
| | AND ANSWER TO A |
| 02/20/01 | ACTION(IGAR |
| 02/20/01 | DEFT GENERAL, EI |
| | TO JOINDER, ORI |
| 02/20/01 | ANSWER, ANI |
| | ACTIONS (IGARCIA |
| 02/20/01 | DEFT FORD MOTOR |
| | VENUE AND ORIGI |
| 02/20/01 | TO PLTF DAV |
| | ASBESTOS PETITI |
| 02/20/01 | ITS MTN TO TR |
| 02/20/01 | DEFT FORD MOTOR |
| | DEMAND(IGARCIA) |
| 02/21/01 | ORIGINAL ANSWER |
| 02/21/01 | ORIGINAL ANSWER |
| | CHEMICAL CORPOR |
| 02/21/01 | KAISER ALUMINUM |
| 02/21/01 | KAISER ALUMINUM |
| | TO TRANSFER VEN |
| 02/21/01 | KAISER ALUMINUM |
| | ORIGINAL ANSWER |
| 02/21/01 | ITS MTN TO |
| | VENUE/CROSS-CLA |
| 02/21/01 | CROSS-CLAIM |
| 02/21/01 | KAISER ALUMINUM |
| | CERT. OF DISCOV |
| 02/21/01 | ORIGINAL ANSWER |
| 02/22/01 | ORIGINAL ANSWER |
| | MOTORS CORPORAT |

RUN DATE 12/19/01
RUN TIME 11:11 AM

DAVID RAMOS, ET AL

VS

ARMSTRONG WORLD INDUSTRIES, INC.

* * * CLERK'S ENTRIES * * *

00464905
SCOTT WERT
1201 N. WATSON ROAD, SUITE 145
ARLINGTON, TEXAS       76006 0000

00287701
PETER A MOIR
800 TRAMMELL CROW CENTER
DALLAS TEXAS          75201 0000

(10)
DAMAGES

02/22/01 DAIMLERCHRYSLER
02/22/01 DAIMLERCHRYSLER
         TO TRANSFER
02/22/01 THERETO, MTN TO
02/22/01 FORUM NON C
02/22/01 ANSWER TO PLTFS
02/22/01 ORIGINAL AS
         EXPOSURE AND/OR
02/22/01 (IGARCIA)
02/26/01 ORIGINAL ANSWER
02/26/01 ORIGINAL ANSWER
02/26/01 ORIGINAL ANSWER
02/26/01 CROSS ACTION: T
02/26/01 ORIGINAL ANSWER
         CORPORATION
02/26/01 DEFT'S JURY DEM
02/27/01 ORIGINAL ANSWER
         CORPORATION ALL
02/27/01 EXHIBIT "A" TO
02/27/01 MTN TO TRANSFER
         PREVIOUSLY
02/27/01 DEFT BORGO-WARN
02/27/01 TRANSFER VENUE
         THERETO ORI
03/01/01 DAVID RAMOS (IGA
03/01/01 ORIGINAL ANSWER
         SPECIAL APPEARA
03/01/01 AND MTN TO TRAN
03/01/01 ORIGINAL AN
         THERETO(IGARCIA

RUN DATE 12/19/01
RUN TIME 11:11 AM

DAVID RAMOS, ET AL

VS

ARMSTRONG WORLD INDUSTRIES, INC.

\* \* \*   C L E R K ' S   E N T R I E S   \* \* \*

00464905
SCOTT WERT
1201 N. WATSON ROAD, SUITE 145
ARLINGTON, TEXAS        76006 0000

00287701
PETER A. MOIR
800 TRAMMELL CROW CENTER
DALLAS TEXAS          75201 0000

(10)

DAMAGES

03/05/01   ORIGINAL ANSWER
           INC.
03/05/01   ORIGINAL ANSWER
03/05/01   NOTICE OF DESIG
           COUNSEL (IGARCIA
03/05/01   THE PILBRICO CO
03/13/01   ORIGINAL ANSWER
           INDUSTRIES, INC
03/16/01   GASKET HOLDING,
           SUCCESSOR IN IN
           FEXITALLIC,
03/16/01   TO PLTFS' ORIGI
           ASBESTOS PET
03/16/01   ORIGINAL ANSWER
03/19/01   ORIGINAL ANSWER
03/19/01   ORIGINAL ANSWER
03/19/01   ORIGINAL ANSWER
03/19/01   DEFT'S (PFIZER
           AND CO INC., QU
03/19/01   AND DANA CO
           FOR DISCLOSURE
03/20/01   ORIGINAL ANSWER
03/20/01   ORIGINAL ANSWER
03/20/01   ORIGINAL ANSWER
           CORPORATION
03/22/01   ORIGINAL ANSWER
           COMPANY, INC.
03/22/01   ORIGINAL ANSWER
03/22/01   DEFT KELLY-MOOR
           TRANSFER VENUE
03/22/01   SUBJECT THE

RUN DATE 12/19/01
RUN TIME 11:11 AM

DAVID RAMOS, ET AL

VS

ARMSTRONG WORLD INDUSTRIES, INC.

*   *   *   C L E R K ' S   E N T R I E S   *   *   *   *

00464905
SCOTT WERT
1201 N. WATSON ROAD,   SUITE 145
ARLINGTON, TEXAS   76006 0000

(10)
DAMAGES

00287701
PETER A MOIR
800 TRAMMELL CROW CENTER
DALLAS TEXAS   75201 0000

| Date | Entry |
|---|---|
| 03/22/01 | AND SPECIAL EXC |
| 03/27/01 | ORIGINAL ANSWER |
|  | ORIGINAL ANSWER INC. |
| 04/02/01 | ORIGINAL ANSWER CORPORATION |
| 04/02/01 | ORIGINAL ANSWER |
| 04/03/01 | NOTICE OF INTEN WRITTEN QUESTIO |
| 04/06/01 | ORIGINAL ANSWER CORPORATION |
| 04/06/01 | ORIGINAL ANSWER CORPORATION |
| 04/06/01 | ORIGINAL ANSWER COMPANY |
| 04/10/01 | ORIGINAL ANSWER |
| 04/10/01 | ORIGINAL ANSWER CORPORATION |
| 04/12/01 | DEFT'S (T & N L TURNER & NEWALL |
| 04/12/01 | REQUEST FOR PLTF(S)(IGARCIA |
| 04/12/01 | NOTICE OF INTEN WRITTEN QUESTIO |
| 04/12/01 | ORIGINAL ANSWER |
| 04/17/01 | ORIGINAL ANSWER |
| 04/17/01 | ORIGINAL ANSWER |
| 04/17/01 | CROSS-ACTIONS, OF DEFT TRI |
| 04/20/01 | ORIGINAL ANSWER REFRACTORIES CO |

RUN DATE 12/19/01
RUN TIME 11:11 AM

DAVID RAMOS, ET AL

VS

ARMSTRONG WORLD INDUSTRIES, INC.

\* \* \* C L E R K ' S   E N T R I E S \* \* \*

00464905                                              (10)
SCOTT WERT
1201 N. WATSON ROAD, SUITE 145                        DAMAGES
ARLINGTON, TEXAS    76006 0000

00287701
PETER A MOIR
800 TRAMMELL CROW CENTER
DALLAS TEXAS    75201 0000



04/20/01    NORTH AMERICAN
            TRANSFER VENUE
04/20/01    ANSWER SUBJ
04/24/01    ORIGINAL ANSWER
04/24/01    SONS, INC.
04/24/01    DEFT'S SPECIAL
05/22/01    ORIGINAL ANSWER
05/22/01    INSULATION COMP
05/30/01    PLTFS' MTN TO D
05/30/01    /ESALAS
            PLTFS' MOTION T
05/30/01    DEFTS(GIARCIA)
06/18/01    ORIGINAL ANSWER
06/18/01    CROSS ACTION: J
06/18/01    J T THORPE CO'S
06/18/01    VENUE(IGARCIA)
06/18/01    J T THORPE CO'S
            ANSWER, CROSS-A
06/18/01    ANSWER TO C
06/18/01    TO ITS MOTION T
            VENUE(IGARC
06/18/01    NOTICE OF FILIN
11/29/01    REMOVAL(IGARCIA

CAUSE NO. 2000-11-4816-E

| | | |
|---|---|---|
| ~~DAVID RAMOS AND EMMA RAMOS;~~ | § | IN THE DISTRICT COURT |
| FREDDY RAY JOHNSON AND LORETTA | § | |
| JOYCE JOHNSON; | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ARMSTRONG WORLD INDUSTRIES, INC. | § | |
| (successor to ARMSTRONG CORK | § | |
| COMPANY); OWENS-ILLINOIS, INC.; | § | |
| GARLOCK INC; CROWN CORK AND SEAL | § | |
| COMPANY, INC. (successor to MUNDET | § | 357th JUDICIAL DISTRICT |
| CORK COMPANY); METROPOLITAN LIFE | § | |
| INSURANCE COMPANY; FOSTER | § | |
| WHEELER ENERGY CORPORATION; W. R. | § | |
| GRACE & CO.-CONN. (successor to W. R. | § | |
| GRACE & COMPANY); NORTH AMERICAN | § | |
| REFRACTORIES COMPANY; PROKO | § | |
| INDUSTRIES, INC.; THE SYNKOLOID | § | |
| COMPANY; GEORGIA-PACIFIC | § | |
| CORPORATION (individually and as successor | § | |
| to BESTWALL GYPSUM COMPANY); U.S. | § | |
| MINERAL PRODUCTS COMPANY; THE | § | |
| FLINTKOTE COMPANY; UNIROYAL | § | |
| HOLDING, INC. (successor to U. S. RUBBER | § | |
| COMPANY); KELLY-MOORE PAINT | § | |
| COMPANY, INC.; AQUA-CHEM, INC. (d/b/a | § | |
| CLEAVER-BROOKS DIVISION); RAPID- | § | |
| AMERICAN CORPORATION (as successor-by- | § | |
| merger to GLEN ALDEN CORPORATION, | § | |
| BRIGGS MANUFACTURING CO., PHILIP | § | |
| CAREY CORPORATION AND PHILIP | § | |
| CAREY MANUFACTURING COMPANY); | § | |
| KAISER ALUMINUM & CHEMICAL | § | |
| CORPORATION; RILEY STOKER | § | |
| CORPORATION; GENERAL ELECTRIC | § | |
| COMPANY; GAF CORPORATION (successor | § | |
| to RUBEROID CORPORATION); U.S. | § | |
| GYPSUM COMPANY; QUIGLEY | § | |
| COMPANY, INC.; GASKET HOLDINGS, | § | |
| INC., (successor to FLEXITALLIC GASKET | § | |

FILED /0 _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

NOV 2 8 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

COMPANY); DANA CORPORATION; §
GENERAL REFRACTORIES COMPANY; J.T. §
THORPE COMPANY; KELLOGG-BROWN & §
ROOT, INC. (f/k/a BROWN & ROOT, INC., §
which was f/k/a BROWN & ROOT USA, INC., §
BROWN & ROOT USA DELAWARE INC. §
which is the successor-in-interest to BROWN & §
ROOT USA INC.); ACandS, INC.; FEDERAL- §
MOGUL CORPORATION (as Successor-in- §
Interest to T & N PLC, f/k/a TURNER & §
NEWELL PLC) ; T&N plc (f/k/a TURNER & §
NEWELL PLC); INGERSOLL-RAND §
COMPANY; MID-VALLEY, INC.; TRIPLEX, §
INC.; PLIBRICO COMPANY; UNION §
CARBIDE CORPORATION (Individually and §
f/k/a UNION CARBIDE CHEMICALS AND §
PLASTIC COMPANY, INC.); DRESSER §
INDUSTRIES, INC.; NATIONAL SERVICE §
INDUSTRIES, INC.; PFIZER, INC.; SHOOK & §
FLETCHER INSULATION CO.; C. E. §
THURSTON & SONS, INC.; GUARD-LINE, §
INC.; BORG-WARNER CORPORATION; §
ALLIED SIGNAL (Individually and as §
Successor-in-Interest to THE BENDIX §
CORPORATION; FORD MOTOR COMPANY; §
DAIMLERCHRYSLER CORPORATION(f/k/a §
and as Successor-in-Interest to CHRYSLER §
CORPORATION); DAIMLERCHRYSLER §
MOTORS CORPORATION (f/k/a and as §
Successor-in-Interest to CHRYSLER §
CORPORATION); GENERAL MOTORS; §
MOOG AUTOMOTIVE, INC. (Individually and §
as Successor-in-Interest to WAGNER §
ELECTRIC CORPORATION); PNEUMO §
ABEX CORPORATION (Individually and as §
Successor-in-Interest to ABEX CORPORATION §
and AMERICAN BRAKE SHOE COMPANY); §
ARVIN INDUSTRIES, INC.; THE §
MAREMONT CORPORATION (a subsidiary of §
ARVIN INDUSTRIES, INC.); §
§
        Defendants. §

## PLAINTIFFS' ORIGINAL ASBESTOS PETITION, TEXAS EXPOSURE AND/OR TEXAS RESIDENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, (the name and residence of each Plaintiff is shown on the attached Exhibit "A" and incorporated herein for all purposes) complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

1.    Plaintiffs reside in the State of Texas, resided in the State of Texas at the time of their exposure to asbestos fibers in Defendants' products, and/or sustained substantial exposure to asbestos fibers in Defendants products while in the State of Texas. Discovery shall be conducted under Level 2 of Rule 190 of Texas Rules of Civil Procedure.

2.    All or a substantial part of Plaintiffs' asbestos-related injuries from Defendants' products occurred in this County. All or a substantial part of Plaintiffs' causes of action arose in this County. Certain Defendants named herein reside in this County and maintain a principal office in this County. Therefore, venue properly lies in this County.

3.    The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

4.    Defendant ARMSTRONG WORLD INDUSTRIES, INC. may be served with citation in this action by service of citation upon its registered agent C.T. Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201. Said corporation is being sued individually and as successor-in-interest to ARMSTRONG CORK COMPANY.

5.    Although Defendant, OWENS-ILLINOIS, INC., an Ohio corporation, has at all times relevant to this litigation conducted business in this state and is required to maintain a registered agent for service of process in this state, it has not designated such an agent. Therefore, said

corporation may be served with citation in this action by service of citation upon its corporate

headquarters, One Seagate, Toledo, Ohio 43666. Pursuant to the Texas Long-Arm Statute, Tex. Civ.

Prac. & Rem. Code §§ 17.041-.045, Defendant, OWENS-ILLINOIS, INC., may be served with

process through the Secretary of State for the State of Texas.

6.      Defendant GARLOCK,  INC. may be served with citation in this action by service

of citation upon its registered agent, C. T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas,

Texas 75201.

7.      Defendant CROWN CORK AND SEAL COMPANY, INC. may be served with

citation in this action by service of citation upon its registered agent, C. T. Corporation Systems, 350

N. St. Paul, Suite 2900, Dallas, Texas 75201.  Said corporation is being sued individually and as

successor-in-interest to MUNDET CORK COMPANY.

8.      Defendant METROPOLITAN LIFE INSURANCE COMPANY may be served with

citation in this action by service of citation upon its registered agent, Robert E. Wolin, Wolin, Ridley

& Miller, 1717 Main Street, 3100 Bank One Center, Dallas, Texas 75201.

9.      Defendant FOSTER WHEELER ENERGY CORPORATION may be served with

citation in this action by service of citation upon its registered agent, U. S. Corporation, 800 Brazos,

Austin, Texas 78701.

10.     Defendant W. R. GRACE & CO.-CONN. may be served with citation in this action

by service of citation upon its registered agent, The Prentice-Hall Corporation System, Inc., 800

Brazos, Austin, Texas 78701.  Said corporation is being sued individually and as successor-in-

interest to W. R. GRACE & COMPANY.

11.     Defendant NORTH AMERICAN REFRACTORIES COMPANY may be served with citation in this action by service of citation upon its registered agent, C. T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.

12.     Defendant PROKO INDUSTRIES, INC. may be served with citation in this action by service of citation upon its registered agent, Bowers, Orr & Dougall, P.O. Box 25389, Columbia South Carolina 29224.

13.     Defendant THE SYNKOLOID COMPANY has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this state, it has not designated such an agent.  Therefore, said corporation may be served with citation in this action by service of citation upon its corporate headquarters, 148 E. 5th Street, Bayonne, New Jersey 07002, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant SYNKOLOID may be served with process through the Secretary of State for the State of Texas.

14.     Defendant GEORGIA-PACIFIC CORPORATION may be served with citation in this action by service of citation upon its registered agent, C. T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.  Said corporation is being sued individually and as successor-in-interest to BESTWALL GYPSUM COMPANY.

15.     Although Defendant U. S. MINERAL PRODUCTS COMPANY has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent.  Therefore, said corporation may be served with citation in this action by service of citation upon its corporate headquarters, Furnace Street, Stanhope, New Jersey 07874, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. &

Rem. Code §§ 17.041-.045. Defendant U.S. MINERAL PRODUCTS COMPANY may be served with process through the Secretary of State for the State of Texas.

16.   Although Defendant THE FLINTKOTE COMPANY has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent.  Therefore, said corporation may be served with citation in this action by service of citation upon its corporate headquarters, Two Embarcadero Center, Suite 1600, San Francisco, California 94111, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant, THE FLINTKOTE COMPANY, may be served with process through the Secretary of State for the State of Texas.

17.   Although Defendant UNIROYAL HOLDING, INC. has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent.  Said corporation is being sued individually and as successor-in-interest to U. S. RUBBER COMPANY.  Therefore, said corporation may be served with citation in this action by service of citation upon its corporate headquarters, 70 Great Hill Road, Naugatuck, Connecticut 06770, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045.  Defendant UNIROYAL HOLDING, INC. may be served with process through the Secretary of State for the State of Texas.

18.   Defendant KELLY-MOORE PAINT COMPANY, INC. may be served with citation in this action by service of citation upon its registered agent,  Kenneth Wall, 2727 Allen Parkway, Suite 1300, Houston, Texas 77019.

19.   Although Defendant AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION) has at all times relevant to this litigation conducted business in this State and is required to maintain

a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with citation in this action by service of citation upon its corporate headquarters 7800 N. 113th Street, Milwaukee, Wisconsin 53224-3136, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant AQUA-CHEM, INC. may be served with process through the Secretary of State for the State of Texas.

20.     Defendant RAPID-AMERICAN CORPORATION (f/k/a GLEN ALDEN CORPORATION) is a corporation with its principal place of business in a state other than Texas. This corporation is being sued individually and as successor-by-merger to GLEN ALDEN CORPORATION, BRIGGS MANUFACTURING CO., PHILIP CAREY CORPORATION and PHILIP CAREY MANUFACTURING COMPANY. Through its actions in asbestos litigation in New York, RAPID AMERICAN CORPORATION has submitted to the jurisdiction of this court. Therefore, said corporation may be served with citation in this action by service of citation upon its registered agent, The Prentice-Hall Corporation System, Inc., 1013 Centre Road, Wilmington, Delaware 19805.

21.     Defendant KAISER ALUMINUM & CHEMICAL CORPORATION may be served with citation in this action by service of citation upon its registered agent, C. T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.

22.     Defendant RILEY STOKER CORPORATION may be served with citation in this action by service of citation upon its registered agent, C. T. Corporation Systems, 1021 Main St., Houston, Texas 77002.

23.     Defendant, GENERAL ELECTRIC, may be served with citation in this action by service of citation upon its registered agent, C. T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.

24.     Defendant, GAF CORPORATION, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent.  Said corporation is being sued individually and as successor-in-interest to RUBEROID CORPORATION.  Therefore, said corporation may be served with citation in this action by service of citation upon its General Counsel, 1361 Alps Rd., Wayne, New Jersey 07470, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code section 17.041-.045. Defendant GAF CORPORATION may be served with process through the Secretary of State for the State of Texas.

25.     Defendant U.S. GYPSUM COMPANY may be served with citation in this action by service of citation upon its registered agent C.T. Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

26.     Defendant QUIGLEY COMPANY, INC. may be served with citation in this action by service of citation upon its registered agent, C.T. Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

27.     Defendant GASKET HOLDINGS, INC. may be served with citation in this action by service of citation upon its registered agent, C.T. Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.  Said corporation is being sued individually and as successor-in-interest to FLEXITALLIC, INC.

28.    Defendant J.T. THORPE COMPANY is a Texas corporation and may be served with citation in this action by service of citation upon its registered agent, W. Miller Thomas, 413 Shelbyville Street, Center, Texas 75935-1719. Said corporation is being sued individually and as successor-in-interest to THORPE INSULATION COMPANY. Hereinafter, the terms "Defendant" or "Defendants" shall apply to Defendant J.T. THORPE COMPANY in the claims brought by Plaintiffs.

29.    Defendant DANA CORPORATION may be served with citation in this action by service of citation upon its registered agent, C.T. Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

30.    Although Defendant GENERAL REFRACTORIES COMPANY has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this state, it has not designated such an agent.  Therefore, said corporation may be served with citation in this action by service of citation upon its corporate headquarters, 225 City Avenue, Suite 114, Bala Cynwyd, Pennsylvania 19004, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code Sections 17. 041-.045.  Defendant GENERAL REFRACTORIES COMPANY may be served with process through the Secretary of State for the State of Texas.

31.    Defendant KELLOGG-BROWN & ROOT, INC. (f/k/a BROWN & ROOT, INC. which was f/k/a BROWN & ROOT USA INC., BROWN & ROOT USA DELAWARE INC which is the successor-in-interest to BROWN & ROOT USA INC.) is a corporation organized and existing under and by virtue of the laws of the State of Delaware and may be served with process by serving

its agent for service in the State of Texas, to wit; C.T. Corporation System, 1021 Main St., Houston, Texas 77002.

32. Defendant ACandS, INC. may be served with citation in this action by service of citation upon its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

33. Defendant, FEDERAL-MOGUL CORPORATION (as Successor-in-Interest to T & N PLC, f/k/a TURNER & NEWELL PLC), is a corporation organized and existing under and by virtue of the laws of the State of Michigan. Said corporation may be served with citation in this action by service of citation upon its corporate headquarters Bowden House, Ashburton Road West, Trafford Park, Manchester M17 1RA England, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code section 17.041-.045. Defendant FEDERAL-MOGUL CORPORATION may be served with process through the Secretary of State of Texas.

34. Although Defendant T&N plc (f/k/a TURNER & NEWELL PLC) has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this state, it has not designated such an agent. Therefore, said corporation may be served with citation in this action by service of citation upon its corporate headquarters Bowden House, Ashburton Road West, Trafford Park, Manchester M17 1RA England, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code section 17.041-.045. Defendant T&N plc may be served with process through the Secretary of State of Texas.

35. Defendant, INGERSOLL-RAND COMPANY, is a corporation organized and existing under and by virtue of the laws of the State of New Jersey with an agent for service in the State of Texas, to-wit: C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

Therefore, Defendant, INGERSOLL-RAND COMPANY, may be served with citation in this action by service upon its registered agent.

36.     Defendant, MID-VALLEY, INC., is a Delaware corporation doing business in the State of Texas and may be served with citation by serving its registered agent , to-wit: C.T. Corporation Systems,1021 Main St., Houston, Texas 77002.

37.     Defendant, TRIPLEX, INC., may be served with citation by serving its registered agent for service of process, to-wit: Toni Treka, 1122 Kress, Houston, Texas 77020.

38.     Defendant, PLIBRICO COMPANY, is a corporation organized and existing under and by virtue of the laws of the State of Illinois, with an agent for service in the State of Texas, to wit: Corporation Service Company, 800 Brazos, Austin, Texas  78701. They may be served with citation at this address.

39.     Defendant, UNION CARBIDE CORPORATION (Individually and f/k/a UNION CARBIDE CHEMICALS AND PLASTIC COMPANY, INC.), may be served with citation in this action by service of citation upon its registered agent,  C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

40.     Defendant, DRESSER INDUSTRIES, INC., is a corporation organized and existing under and by virtue of the laws of the State of Delaware with an agent of service in the State of Texas, to wit: C.T. Corporation Systems, 1021 Main St., Suite 1150, Houston, Texas 77002.

41.     Defendant, NATIONAL SERVICE INDUSTRIES, INC., is a corporation organized and existing under and by virtue of the laws of the State of Georgia with an agent of service in the State of Texas, to wit: Corporation Service Company (CSC), 800 Brazos, Austin, Texas 78701.

42.     Defendant, PFIZER, INC., is a corporation organized and existing under and by virtue of the laws of the State of Delaware with an agent of service in the State of Texas, to wit: C.T. Corporation Systems, 350 N. St. Paul, Dallas, Texas 75201.

43.     Although Defendant SHOOK & FLETCHER INSULATION CO. has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this state, it has not designated such an agent.  Therefore, said corporation may be served with citation in this action by service of citation upon its corporate headquarters: P.O. Box 380501, Birmingham, Alabama 35238, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code section 17.041-.045.  Defendant SHOOK & FLETCHER INSULATION CO. may be served with process through the Secretary of State of Texas.

44.     Although Defendant C. E. THURSTON & SONS, INC. has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this state, it has not designated such an agent.  Therefore, said corporation may be served with citation in this action by service of citation upon its corporate headquarters: 4850 Brookside Court, Norfolk, Virginia 23502-2052, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code section 17.041-.045.  Defendant C. E. THURSTON & SONS, INC. may be served with process through the Secretary of State of Texas.

45.     Defendant, GUARD-LINE, INC. may be served with citation in this action by service of citation upon its registered agent, H. Lee Stanley, 215 South Louise, Atlanta, Texas 75551.  Only Plaintiff, DAVID RAMOS, is bringing a claim against GUARD-LINE, INC.

46.     Although, Defendant, BORG-WARNER CORPORATION, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for

service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, Legal Department, Attention: Lorene Horiszny, 200 S. Michigan Avenue, Chicago, Illinois 60604, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code section 17.041-.045, Defendant BORG-WARNER CORPORATION may be served with process through the Secretary of State of Texas. Only Plaintiff, DAVID RAMOS, is bringing a claim against BORG-WARNER CORPORATION.

47.    Defendant, ALLIED SIGNAL, INC. (Individually and as Successor-in-Interest to THE BENDIX CORPORATION), may be served with citation by service of citation upon its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in-interest to THE BENDIX CORPORATION. Only Plaintiff, DAVID RAMOS, is bringing a claim against ALLIED SIGNAL.

48.    Defendant, FORD MOTOR COMPANY, may be served with citation by service of citation upon its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201. Only Plaintiff, DAVID RAMOS, is bringing a claim against FORD MOTOR COMPANY.

49.    Defendant, DAIMLERCHRYSLER CORPORATION (f/k/a and as Successor-in-Interest to CHRYSLER CORPORATION), may be served with citation by service of citation upon its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201. Only Plaintiff, DAVID RAMOS, is bringing a claim against DAIMLERCHRYSLER CORPORATION.

50.    Defendant, DAIMLER CHRYSLER MOTORS CORPORATION (f/k/a and as

Successor-in-Interest to CHRYSLER CORPORATION), may be served with citation by service of citation upon its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.  Only Plaintiff, DAVID RAMOS, is bringing a claim against DAIMLERCHRYSLER MOTORS CORPORATION.

51.     Defendant, GENERAL MOTORS, may be served with citation by service of citation upon its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201. Only Plaintiff, DAVID RAMOS, is bringing a claim against GENERAL MOTORS.

52.     Defendant, MOOG AUTOMOTIVE, INC. (Individually and as Successor-in-Interest to WAGNER ELECTRIC CORPORATION) is a corporation organized and existing under and by virtue of the laws of the State of Delaware with an agent for service in the State of Texas, to wit: C.T. Corporation Systems, 811 Dallas Avenue, Houston, Texas 77002.  Said corporation is being sued individually and as successor-in-interest to WAGNER ELECTRIC CORPORATION.  Only Plaintiff, DAVID RAMOS, is bringing a claim against MOOG AUTOMOTIVE, INC.

53.     Defendant, PNEUMO ABEX CORPORATION, (Individually and as Successor-in-Interest to ABEX CORPORATION and AMERICAN BRAKE SHOE COMPANY) is a corporation organized and existing under and by virtue of the laws of the State of Delaware with an agent for service in the State of Texas, to wit: Prentice-Hall Corporation, 800 Brazos, Austin, Texas 78701.  Said corporation is being sued individually and as successor-in-interest to ABEX CORPORATION and AMERICAN BRAKE SHOE COMPANY. Only Plaintiff, DAVID RAMOS, is bringing a claim against PNEUMO ABEX CORPORATION.

54.     Although Defendant, ARVIN INDUSTRIES, INC., has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service

of process in this state, it has not designated such an agent. Therefore, said corporation may be served with citation in this action by service of citation upon its corporate headquarters 1531 East 13th Street, Columbus, Indiana 47201. Pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code section 17.041-.045. Defendant ARVIN INDUSTRIES, INC. may be served with process through the Secretary of State of Texas. Only Plaintiff, DAVID RAMOS, is bringing a claim against ARVIN INDUSTRIES, INC.

55.      Although Defendant THE MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC.) has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this state, it has not designated such an agent. Therefore, said corporation may be served with citation in this action by service of citation upon its corporate headquarters The Maremont Corporation, 2400 Maremont Parkway, Loudon, Tennessee 37774. Pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code section 17.041-.045. Defendant THE MAREMONT CORPORATION may be served with process through the Secretary of State of Texas. Only Plaintiff, DAVID RAMOS, is bringing a claim against THE MAREMONT CORPORATION.

56.      Each Defendant corporation or its predecessor-in-interest, with the exception of the Metropolitan Life Insurance Company, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

57.      Plaintiffs would show that for many years, Plaintiffs worked with and/or were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos

and/or asbestos-containing products while working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States. Plaintiffs would show that Plaintiffs have been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced, installed, and/or sold by Defendants and, in so doing, had inhaled great quantities of asbestos fibers. Further, Plaintiffs allege, as more specifically set out below, the Plaintiffs suffered injuries proximately caused by their exposure to asbestos-containing products designed, manufactured, installed, and sold by Defendants.

58.     Plaintiffs allege that Plaintiffs were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in his occupation. In that each exposure to such products caused or contributed to Plaintiffs' injuries, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

59.     In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products at all times material to the cause of action. Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

## COUNT ONE

60.     All of the allegations contained in the previous paragraphs are re-alleged herein.

61.     The illnesses and disabilities of Plaintiffs were a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, sold, installed, and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiffs' health and well-being. The Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiffs' illnesses and disabilities:

(a)     in failing to timely and adequately warn Plaintiffs of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)     in failing to provide Plaintiffs with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiffs from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-

containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

(d)    in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

(e)    in failing to develop and utilize a substitute material to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)    in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)    in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)    in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

## COUNT TWO

62.    All of the allegations contained in the previous paragraphs are realleged herein.

63.     Plaintiffs were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured and distributed by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations.  Plaintiffs would show that the defective condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and/or machinery were in this defective condition at the time they left the hands of Defendants.

64.     The Defendants are engaged in the business of selling asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of the Plaintiffs.

65.     Defendants knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

66.     Plaintiffs were unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation. Similarly, Plaintiffs were unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

67.     During the periods that Plaintiffs were exposed to the asbestos-containing products and/or machinery of the Defendants, these asbestos-containing products and/or machinery were being utilized in a manner which was intended by Defendants.

COUNT THREE

68.     All of the allegations contained in the previous paragraphs are re-alleged herein.

69.     Plaintiffs further allege that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves to cause Plaintiffs' injuries, diseases and illnesses exposing Plaintiffs to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiffs of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers. In this connection, Plaintiffs have sued the Metropolitan Life Insurance Company in its capacity as a conspirator. Defendants committed the above described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

70.     In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)     for many decades, Defendants, individually, jointly, and in conspiracy with each other, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers

resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)     despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other, fraudulently, willfully, and maliciously:

(1)     withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiffs who were using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(2)     caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(3)     distorted the results of medical examinations conducted upon Plaintiffs and workers such as Plaintiffs who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and

-   fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiffs and workers such as Plaintiffs have suffered.

(c)   in addition, Defendants have and continue to engage in a pattern of fraudulent conduct against asbestos Plaintiffs, including these Plaintiffs, as well as various courts and juries. Specifically, Defendants have deliberately and continuously misrepresented the status of their knowledge regarding the dangerous propensities of asbestos generally, and each of their own asbestos products. In prior litigation regarding the same subject matter, Defendants have made statements under oath they knew were patently false and specifically involved denial that use of their individual products containing asbestos fibers could cause asbestosis. Moreover, Defendants have deliberately filed false statements in various courts and have specifically perpetrated a fraud against courts in the state of Texas concerning the issue of knowledge about the dangers of asbestos from their products at various times. As such, Defendants have generally been involved in a deceptive pattern and practice directed against asbestos Plaintiffs, including these Plaintiffs, in an effort to mislead various courts and juries; and

(d)   by the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiffs to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products,

and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

71.    Plaintiffs reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

72.    As a direct and proximate result of Plaintiffs' reliance on Defendants' false and fraudulent representations, omissions and concealments, Plaintiffs sustained damages including injuries, illnesses, disabilities and/or death, and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

73.    Moreover, Defendants continue to contrive, combine, confederate and conspire among themselves to injure Plaintiffs and to deprive Plaintiffs of their rightful recoveries by joining together and forming an entity known as the "Asbestos Claims Facility" and/or "Center for Claims Resolution" and by proposing and entering into an agreement known as the "Wellington Agreement." As a direct and proximate result of Defendants' ongoing actions, Plaintiffs continue to sustain damages.

<u>COUNT FOUR</u>

74.    All of the allegations contained in the previous paragraphs are re-alleged herein.

75.    The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged herein above, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damages

and injuries to the Plaintiffs. More specifically, Defendants and their predecessors-in-interest, consciously and/or deliberately engaged in oppression, fraud, wilfulness, wantonness and/or malice with regard to the Plaintiffs and should be held liable in punitive and exemplary damages to Plaintiffs.

## COUNT FIVE

76.     All of the allegations contained in the previous paragraphs are re-alleged herein.

77.     Defendant Metropolitan Life Insurance Company through its Policyholders Service Bureau undertook duties owed by the asbestos-producing Defendants to the Plaintiffs by the testing of asbestos workers and the conduct of scientific studies. These duties included without limitation, the duties:

(a)     to test fully and adequately for health risks concomitant to the normal and intended use of their products; and

(b)     to instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

In undertaking these duties, Metropolitan Life knew or should have known that it was providing testing services for the ultimate protection of third persons, including the Plaintiffs.

78.     In both conducting said tests and in publishing their alleged results, Metropolitan Life failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. Metropolitan Life also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

79.     The Plaintiffs unwittingly but justifiably relied upon the thoroughness of Metropolitan Life's tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

80.     As a direct and proximate contributing result of Metropolitan Life's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to the Plaintiffs from asbestos exposure was increased, and (ii) the Plaintiffs suffered the injuries described below.

81.     In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos-producing Defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, Metropolitan Life acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the Plaintiffs.

## COUNT SIX

82.     All of the allegations contained in the previous paragraphs are re-alleged herein.

83.     The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

84.     Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiffs.

85.     The actions of each of the Defendants is a proximate cause of Plaintiffs' injuries. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

86.    The actions of each of the Defendants is a proximate cause of the injuries of the Plaintiffs.

87.    Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiffs.

DAMAGES

88.    As a direct and proximate result of Defendants' tortious conduct as aforesaid, Plaintiffs have developed asbestos-related lung disease and other related physical conditions. Plaintiffs have been damaged in the following particulars:

(a)    Plaintiffs suffered great physical pain and mental anguish and will continue to suffer great pain of body and mind throughout their lifetimes;

(b)    Plaintiffs incurred hospital and/or medical and/or pharmaceutical and/or other expenses and will continue to incur such expenses in the future due to the progressively disabling character of asbestos-related lung disease from which they now suffer and will continue to suffer in the future;

(c)    Plaintiffs suffered a permanent partial disability at this time and will continue to suffer this impairment in the future due to the disabling character of asbestos-related lung disease and other physical conditions;

(d)    Plaintiffs suffered a permanent partial disability at this time and will become permanently and totally disabled in the future due to the progressive character of asbestos-related lung disease and other related physical conditions;

(e)    Plaintiffs are subject to an extraordinarily increased likelihood of developing (or the progression and/or recurrence of) cancer of the lungs, mesothelioma and other

cancers, all due to said exposure to products and/or machinery manufactured, installed, sold, and/or distributed by the named Defendants;

(f)     Plaintiffs will require medical monitoring throughout their lifetimes to survey the progression of their asbestos-related lung disease and to aid in the early detection and treatment of any or all of the cancers described above and will be required to pay for such medical monitoring;

(g)     Plaintiffs suffered a progressive loss of earning capacity and will continue to suffer a loss of earning capacity and wages throughout their lifetimes;

(h)     Plaintiffs require or will require domestic help and nursing care due to their disabilities and have been or will be required to pay for such domestic help and nursing services;

(i)     Prior to the onset of their symptoms, Plaintiffs were extremely active and participated in numerous hobbies and activities, and as a result of their illnesses, Plaintiffs have been and will be prevented from engaging in some of said activities which were normal to them prior to developing symptoms from asbestos-related lung disease. Plaintiffs have been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life;

(j)     Plaintiffs' spouses have suffered and will suffer the losses of their spouses' services, consortium, financial support and the care and comfort of their society because of their spouses' injuries and disabilities, and have incurred or will incur expenses in the future for medical and nursing attention rendered to their spouses. Plaintiffs'

spouses have suffered and will continue to suffer mental anguish as a consequence of their spouses' illness and diseases; and

(k)     Plaintiffs seek punitive and exemplary damages.  Specifically, each Plaintiff seeks a maximum recovery of Fifteen (15) Million Dollars in actual damages and a maximum recovery of Fifteen (15) Million Dollars in punitive damages against each Defendant named herein.

89.     Plaintiffs filed suit within two (2) years of the date of discovering Plaintiffs' asbestos-related conditions or the existence of any asbestos-related causes of action.

JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly empaneled jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for punitive and exemplary damages, for their costs expended herein, for prejudgment interest from the date of Plaintiffs' exposure to asbestos-containing insulation products and/or machinery calling for the use of asbestos-containing products, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**FOSTER & SEAR, L.L.P.**
360 Place Office Park
1201 N. Watson, Suite 145
Arlington, Texas 76006
Telephone (817) 633-3355
Facsimile (817) 633-5507


By: *Scott W. Wert/wcm*
       SCOTT W. WERT
       State Bar No. 00794835
       DAMON J. CHARGOIS
       State Bar No. 00790451
       ROBERT M. GREENBERG
       State Bar No. 08389000


ATTORNEYS FOR PLAINTIFFS

# EXHIBIT A

**DAVID RAMOS**                    **(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)**
2604 29th Street
Lubbock, TX 79410

**FREDDY RAY JOHNSON**       **(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)**
431 North Crosby
Crosbyton, TX 79322

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.055.01

No. 2000-11-004816-E

**COPY**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ALLIED SIGNAL, INC.
SERVING ITS REGISTERED AGENT
C.T. CORPORATION SYSTEMS
350 N. ST. PAUL STREET
SUITE 2900, DALLAS, TEXAS 75201

DELIVERED BY _JP_

DATE _1/25/0_

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on NOVEMBER 28, 2000 .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-11-004816-E.

The style of the case is:

DAVID RAMOS, ET AL




CT System

**Service of Process Transmittal Form**

**Dallas, Texas**

**01/26/2001**

**Via Federal Express (2nd Day)**

TO:  John Gustafsson
Honeywell International Inc..
101 Columbia Road
PO Box 2245
Morristown, NJ 07962-2245

RE:  **PROCESS SERVED IN TEXAS**

FOR    Allied-Signal Inc. Domestic State: De
       True Name : Honeywell International Inc.

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| 1. TITLE OF ACTION: | David Ramos et al vs Armstrong World Industries, Inc. et al incl. Allied-Signal, Inc. |
| 2. DOCUMENT(S) SERVED: | Citation, Original Petition, Jury Demand, Exhibit |
| 3. COURT: | 357TH Judicial District Court Cameron County Texas<br>Case Number 200011004816E |
| 4. NATURE OF ACTION: | Asbestos |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Dallas, Texas |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 01/25/2001 at 11:15 |
| 7. APPEARANCE OR ANSWER DUE: | 10:00 a.m. Monday next after the expiration of 20 days |
| 8. ATTORNEY(S): | Scott West<br>360 Place Office Park<br>Ste 145<br>1201 N Watson<br>Arlington, TX 76006 |
| 9. REMARKS: | |



RECEIVED

JAN 2 9 2001

JCG

| | |
|---|---|
| SIGNED | CT Corporation System |
| PER | Kasey L. McGee |
| ADDRESS | 350 North St. Paul Street<br>Dallas, TX 75201<br>SOP WS 0003429691 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference
for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any
information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the
appropriate action

CAUSE NO. 00-11-4816-E

| | | |
|---|---|---|
| DAVID RAMOS and EMMA RAMOS, et al., | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ARMSTRONG WORLD INDUSTRIES, INC., et al., | § | |
| | § | |
| | § | |
| Defendants. | § | 357th JUDICIAL DISTRICT |

FILED _____ O'CLOCK ___ M.
AURORA DE LA GARZA DIST. CLERK
FEB 20 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

## DEFENDANT HONEYWELL INTERNATIONAL, INC.'S
## MOTION TO TRANSFER VENUE, ORIGINAL ANSWER,
## CROSS-ACTION, AND ANSWER TO ALL CROSS-ACTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Honeywell International, Inc. formerly known as AlliedSignal Inc., Defendant in the above styled and numbered cause (hereinafter "Honeywell"), and files this its Motion to Transfer Venue, Original Answer, Cross-Action, and Answer to All Cross-Actions in response to Plaintiffs' Original Asbestos Petition, Texas Exposure and/or Texas Resident.

## MOTION TO TRANSFER VENUE

### I.

Defendant Honeywell objects to venue in Cameron County, Texas, the County in which this action was instituted on the grounds that Cameron County is not a proper County of venue. No basis exists permitting or mandating venue in Cameron County, Texas under Chapter 15 of the Texas Civil Practice & Remedies Code.

### II.

Defendant Honeywell specifically denies that Cameron County, Texas is a proper County because:

(1)    the alleged cause of action and no part thereof accrued in Cameron County;

**DEFENDANT HONEYWELL INTERNATIONAL, INC.'S MOTION TO TRANSFER VENUE,
ORIGINAL ANSWER, CROSS-ACTION, AND ANSWER TO ALL CROSS-ACTIONS**          Page 1

(2)     the principal office of Defendant Honeywell is not located in Cameron County;

(3)     Cameron County is not the Plaintiff's County of residence; and

(4)     Defendant Honeywell does not have any agents or representatives in Cameron County and did not have any agents or representatives in Cameron County at the time the alleged cause of action or any part thereof accrued.

### III.

Defendant Honeywell would show that venue is proper in Dallas County, Texas, in that Honeywell is a foreign corporation with a registered agent located at 350 N. St. Paul Street, Suite 2900, Dallas County, Texas 75201.

### IV.

Further, Defendant Honeywell would show that this Motion to Transfer Venue has been timely filed and served concurrently with or before the filing of the answer or any other plea, pleading or motion.

### V.

Defendant Honeywell requests that this action be transferred to Dallas County, Texas, where proper venue lies in this cause.

## ORIGINAL ANSWER

### VI.

Subject to the Motion to Transfer Venue Defendant Honeywell generally denies each and every, all and singular, of the material allegations of fact contained in Plaintiffs' Original Asbestos Petition Texas Exposure and/or Texas Resident, says the same are untrue in whole or in part, and demands strict proof of the evidence before a jury.

VII.

In the alternative, and by way of affirmative defense, jurisdiction to proceed with this action is barred by the Due Process Clause of the Fourteenth Amendment of the United States Constitution because the State of Texas lacks sufficient contacts with the parties and the controversy to render the assertion of jurisdiction fair and reasonable.

VIII.

In the alternative, and by way of affirmative defense, Defendant Honeywell denies that Plaintiff sustained any injury as a result of contact with or use of any product manufactured by Honeywell.

IX.

In the alternative, and by way of affirmative defense, Plaintiff is barred from recovery herein by the applicable Statutes of Limitations.

X.

In the alternative, and by way of affirmative defense, Plaintiff is barred from recovery herein by the doctrine of misuse or improper use which proximately caused or proximately contributed to cause the injuries about which Plaintiff complains herein.

XI.

In the alternative, and by way of affirmative defense, Plaintiff is barred from recovery herein by the doctrine of comparative negligence and/or comparative causation.

XII.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that any injuries and damages alleged by Plaintiff were solely caused by the acts and omissions of others over whom Honeywell had no supervision, control, or responsibility.

## XIII.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that Plaintiff's alleged injuries and damages resulted from new and independent, intervening and/or superseding causes beyond the control of and unrelated to any conduct or product of Defendant Honeywell.

## XIV.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that Plaintiff's employers had knowledge of the products used and the risks incident thereto and, therefore, Honeywell breached no duty owing to Plaintiff.

## XV.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that the condition about which Plaintiff complains is due to causes other than exposure to asbestos.

## XVI.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that the Plaintiff has no claim based upon allegations of strict liability in tort prior to June 6, 1967, when the Texas Supreme Court first adopted the rules of strict liability set forth in Restatement (second) of Torts §402A. Until this time, when the Supreme Court of Texas decided *McKisson vs. Sales Affiliates, Inc.*, 416 S.W.2d 787, the doctrine of "strict liability" had not applied to manufacturers or sellers of nonfood products. All claims which are or may be asserted by Plaintiff for recovery based upon strict liability for exposure prior to June 7, 1967 should therefore be denied. Further, the application of strict liability on a retroactive basis would be violative of Article I, §16, of the Texas Constitution.

## XVII.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that Plaintiff's injuries, if any, were pre-existing and/or not the result of any contact with any products manufactured, sold, or distributed by Honeywell.

## XVIII.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that Plaintiff's action against Honeywell for injuries sustained, if any, from asbestos-containing products is barred by the exclusive remedy provision of the Workers Compensation Act.

## XIX.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that it is not legally liable for the sale, distribution, application, or manufacture of any asbestos-containing product by any former or current subsidiary or predecessor.

## XX.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that Plaintiff's damages, if any, were caused by negligent acts or omissions or breach of warranty of third parties or other Defendants and/or exposure to certain products manufactured or distributed by said third parties or Defendants and, under the Supreme Court of Texas opinion in *Duncan v. Cessna Aircraft Company II*, Honeywell is entitled to a comparative apportionment of fault, if any, as to the other Defendants and Cross-Defendants and/or third parties and are entitled to a judgment against them herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of fault.

## XXI.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that

Plaintiff's claim of injuries and damages, if any, were the result of an unavoidable accident or

occurrence.

## XXII.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that any

alleged defects in its product, if any, were beyond the scientific and medical knowledge available

at the time of manufacturing, and the state-of-the-art prevented Honeywell from knowing any

defect.

## XXIII.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that the

products which it sold were at all time reasonably fit and suitable for the purposes for which they

were sold and Honeywell denies that such products were in any way defective for the use for

which they were sold.

## XXIV.

In the alternative, and by way of affirmative defense, Defendant Honeywell alleges that the

claims of Plaintiff are in all things barred pursuant to the doctrine of federal implied and/or

express preemption.

## XXV.

Defendant Honeywell would show that unless Honeywell's liability for punitive damages

and the appropriate amount of punitive damages are each required to be established by clear and

convincing evidence under Texas law, any award of damages would violate Honeywell's due

process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by

Section 19 of Article I of the Texas Constitution.

## XXVI.

Defendant Honeywell would show that Plaintiff's claim for punitive damages against Honeywell cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Honeywell's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## XXVII.

Defendant Honeywell would show that Plaintiff's claim for punitive damages against Honeywell cannot be sustained, because an award of punitive damages under Texas law subject to no predetermined limit on the amount of punitive damages that a jury may impose, such as a maximum multiple of compensatory damages or a maximum dollar amount, would violate the Excessive Fines Clause of the United States Constitution and Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## XXVIII.

Defendant Honeywell would show that Plaintiff's claim for punitive damages against Honeywell cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award

punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct

or mental state that makes punitive damages permissible, and (5) is not subject to judicial review

on the basis of objective standards, would violate Defendant's due process rights guaranteed by the

Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas

Constitution.

XXIX.

Defendant Honeywell would show that Plaintiff's claim for punitive damages against

Honeywell cannot be sustained, because an award of punitive damages under Texas law without

proof of every element beyond a reasonable doubt would violate Defendant's rights under

Amendments IV, V, VI and XIV to the United States Constitution and under Sections 9, 10, 14 and

19 of Article I of the Texas Constitution.

XXX.

Defendant Honeywell adopts by reference each defense not hereinabove alleged, if any,

that may be alleged in any pleading by any other Defendant or Third-Party Defendant in this action,

heretofore or hereafter filed.

**CROSS-ACTION**

In the unlikely event that this Defendant is found liable to Plaintiff, Defendant Honeywell

alleges it is entitled to indemnity and/or contribution from each of the other Defendants and/or a

credit or pro rata reduction for any amounts paid by settling Defendants pursuant to Chapter 32 and

Chapter 33 of the Texas Civil Practice and Remedies Code, and/or the doctrine of comparative

fault.

**ANSWER TO CROSS-ACTIONS**

Defendant Honeywell generally denies the allegations set forth in any cross-action filed

against it herein by any Defendant or Third-Party Defendant to this action or later added to this action, says the same are not true and places the burden upon such Cross-Plaintiff(s) to establish each essential element of any cross-claims alleged in this action.

WHEREFORE, PREMISES CONSIDERED, Defendant Honeywell International, Inc. prays that upon final hearing hereof, Plaintiff and Cross-Plaintiff(s) take nothing by this cause, and that Honeywell International, Inc. be discharged with its costs, and for such other and further relief to which the Court may find Honeywell International, Inc. to be justly entitled and such that justice be done.

Respectfully submitted,

THOMPSON & KNIGHT L.L.P.

By: _____
Joseph S. Pevsner
State Bar No. 15874500

Dawn M. Wright
State Bar No. 12742030

Suite 3300
1700 Pacific Avenue
Dallas, Texas 75201
(214) 969-1700
Fax: (214) 969-1751

ATTORNEYS FOR DEFENDANT,
HONEYWELL INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 15th day of February, 2001, a true and correct copy of the foregoing document was forwarded to counsel for Plaintiff, Scott W. Wert, Foster & Sear, L.L.P., 1201 N. Watson, Suite 145, 360 Place Office Park, Arlington, Texas 76006 via certified mail, return receipt requested.

Dawn M. Wright

**DEFENDANT HONEYWELL INTERNATIONAL, INC.'S MOTION TO TRANSFER VENUE, ORIGINAL ANSWER, CROSS-ACTION, AND ANSWER TO ALL CROSS-ACTIONS**   Page 10

002265 000189 Dallas 1252107 1