United States District Court
Southern District of Texas
FILED

JAN 2 9 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

DAVID RAMOS, ET AL       §
                       §
VS.                     §      CIVIL NO. B-01-212
                       §
HONEYWELL INTERNATIONAL, INC., §
ET AL                 §

## PLAINTIFFS' EMERGENCY MOTION TO REMAND
## AND BRIEF IN SUPPORT

      The plaintiffs in this removed state law tort action hereby move to remand this case to the state court, or in the alternative for this Court to abstain, and would show as follows:

### I.

### INTRODUCTION

      This Court lacks subject matter jurisdiction over this case. This case involves only state law tort claims. It could not have been filed in federal court initially, and there is no basis for it to be removed to federal court now. In fact, other federal district courts have already begun to remand similar cases which were removed en masse by certain automobile companies in late November[1]. The argument for removal made by Honeywell is even weaker. And this case should likewise be remanded.

      The Court's jurisdiction is premised on 28 U.S.C. § 1334. It provides that the district court has "original but not exclusive jurisdiction of all civil proceedings [1] arising

---

[1]For example, Judge Kent remanded all asbestos cases that were removed to his court in the Southern District of Texas, Galveston Division.

1

under title 11, or [2] arising in or [3] related to a case under title 11." 28 U.S.C. §

1334(b).   However, it is clear that these state law tort claims do not satisfy any of these

criteria for jurisdiction.  Therefore, this case should be remanded. Our District Courts

have made it plain: "[r]emoval statutes are to be strictly construed, and any doubts

concerning removal must be resolved against removal and in favor of remanding the

case to state court." *Luevano v. Dow Corning Corp.*, 183 B.R. 751, 752 (W.D. Tex.

1995), *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  In this case,

the facts do not support removal.  The case must be remanded.

It is important to note from the outset exactly what this case is about.   The

plaintiff has an asbestos-related disease.  His disease was caused by exposure to

various asbestos-containing products, including automobile brake products.  He has

filed suit against a number of companies who are responsible for the manufacture or

sale of these products.  And that includes Honeywell as successor-in-interest to the

Bendix Corporation.   A few weeks ago, the automobile manufacturers began removing

all asbestos claims made against them on the strained theory that those claims are

*related to* the Federal Mogul bankruptcy proceedings.  Now Honeywell follows their

lead.

How is a pending tort claim against a non-debtor related to a Chapter 11

bankruptcy proceeding?   According to the Notice of Removal, this case is allegedly

"related to" that bankruptcy because the removing parties have potential cross-claims

for indemnity or contribution against the Debtor, Federal Mogul.  As other Courts have

already found, that is not a sufficient reason to move this case to federal court.  The

relation is just too tenuous, too speculative.

2

There are three separate reasons why this case should be remanded. First, this Court does not have subject matter jurisdiction based on 28 U.S.C. § 1334. Under that section, subject matter jurisdiction exists only if the claim *arises in* or *arises under* Title 11, or if it is *related to* a Title 11 bankruptcy of a debtor, such as Federal Mogul. The pending state law tort claims against Honeywell do not satisfy any of these criteria for jurisdiction to attach. So, these claims should be remanded for lack of subject matter jurisdiction.

Second, the doctrine of mandatory abstention would require remand even if jurisdiction did exist. Mandatory abstention requires remand of all cases removed based on § 1334 where (1) a timely motion is filed , (2) the case is based on state law, (3) the case neither arises *under* nor *in* a Title 11 case, (4) the case could not have been removed absent § 1334, and (5) the case can be timely adjudicated in state court. See *In Re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997). All of the criteria for mandatory abstention are satisfied in this state law personal injury lawsuit against Honeywell. So, the case should be remanded.

The doctrine of  permissible abstention and purely equitable grounds  also support remanding this case. This case can be resolved more efficiently in state court. The state courts have developed expertise in managing and adjudicating asbestos lawsuits. Some courts have developed specialized asbestos rules, asbestos common issues dockets, and other mechanisms to expeditiously manage these types of cases. As a result, these state courts are best suited to handle these cases. Permissive abstention is also appropriate because of the prejudice to those involuntarily removed.

In short, permissive abstention and equitable remand are appropriate because it just makes sense to keep these cases where they are.

## II.

## ARGUMENT

**A.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE.**

**1. Jurisdiction under §1334 should be narrowly construed.**

The question this Court must answer is whether these state law tort claims against the non-debtor brake manufacturer are "related to" the Federal Mogul bankruptcy[2]. That is the only possible basis for jurisdiction argued by the removing defendants. And the answer is clear. No, these claims are not related to the Federal Mogul bankruptcy. The Fifth Circuit's formulation of the "related to" jurisdiction test was taken from the Third Circuit's *Pacor*[3] decision. Although the Pacor decision may have seemed to suggest a broad reading of §1334, our Circuit Court has followed the well-recognized rule of narrowly construing any statute that forms the basis of removal. *See, Luevano v. Dow Corning Corp.*, 183 B.R. 751, 752 (W.D. Tex. 1995), *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

Our Circuit Court of Appeals recognized that "related to" jurisdiction must be

_____

[2]These state law tort claims do not "arise under" title 11 nor "arise in" a proceeding under title 11. The phrase "'arising under title 11' refer to a cause of action created or determined by a statutory provision of title 11." *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987). The "arises in" jurisdiction applies to "'administrative' matters that arise only in bankruptcy cases...." *Id.* at 97. Because the removing defendants do not argue this basis of jurisdiction, it is given little attention here. This asbestos lawsuit is not an administrative bankruptcy proceeding, and it clearly exists outside of bankruptcy law. *See also In re Haws*, 158 B.R. 965, 969 (Bankr. S.D. Tex. 1993).

[3] *Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984 (3rd Cir. 1984).

narrowly construed and held as follows:

> a bankruptcy court's related to jurisdiction cannot be limitless. As a dispute becomes progressively more remote from the concerns of the body of federal law claimed to confer federal jurisdiction over it, the federal interest in furnishing the rule of decision for the dispute becomes progressively weaker. For the bankruptcy court to have subject matter jurisdiction, therefore, some nexus must exist between the related civil proceeding and the Title 11 case. Otherwise, an overbroad construction of § 1334(b) may bring into federal court matters that should be left for state courts to decide.

*In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1999) (citations, internal quotes and ellipses omitted).

Similarly, other courts have recognized that although the *Pacor* test uses the terminology of "conceivable" effects, the general rule of narrowly construing any removal statute must be followed. The District Court from the Eastern District of Virginia wrote:

> In practicality, some measure of reasonableness must be included in the definition; defining "conceivable" too broadly gives the term an unworkable definitional range, spanning from one being able to conceive of the child prodigy Mozart at age five having the potential to be a renown musical genius, to the more dubious potential of the proverbial roomful of monkeys and typewriters, over an infinite time period, reproducing Shakespeare's Hamlet."

*Chesapeake Crossing Associates v. TJX Companies, Inc.,* 1992 WL 469801 at *2 (E.D. Va. 1992), *quoting In Re Cargit, Inc.*, 81 B.R. 243, 247 n.5 (Bankr. S.D.N.Y. 1987).

Honeywell's theory is more monkey than Mozart.

### 2. An indemnity claim of a non-debtor cannot create jurisdiction under §1334.

The pending tort claims against the removing non-debtor bears no relationship to the Federal Mogul bankruptcy. The seminal case on this issue is *Pacor, Inc. v. Higgins*

*(In re Pacor)*, 743 F.2d 984 (3rd Cir. 1984), which has been followed by the Fifth Circuit. *See, e.g., In re Walker,* 51 F.3d 562, 568 (5th Cir. 1995).

The facts of *Pacor* are instructive. Johns Manville had supplied products to Pacor, who in turn sold them to the public. When Plaintiffs sued Pacor for personal injuries caused by exposure to their products, Pacor impleaded Johns Manville. After Manville filed bankruptcy, the action against it was severed from the personal injury case. On the eve of trial, Pacor removed the entire *Higgins v. Pacor*, and *Pacor v. Johns Manville* controversy to the bankruptcy court.

The Court of Appeals and the district court found that the state law tort claims were not "related to" the Manville bankruptcy. Like Honeywell in this case, Pacor presented the possibility that later indemnity claims could be made against Manville based upon a plaintiff's verdict in the tort case. The Court was not pursuaded that was a sufficient nexus, and stated that "[a]t best, [the verdict] is a mere precursor to the potential third-party claim for indemnification by Pacor against Manville." *Id.* at 995. As such, "any judgment received by the plaintiff Higgins could not itself result in even a contingent claim against Manville, since Pacor would still be obligated to bring an entirely separate proceeding to receive indemnification." *Id.* This case is the same. And remand is likewise required.

The *Pacor* rationale has been consistently followed by our Fifth Circuit courts and elsewhere in the years since it was decided. *See, e.g., In re Walker,* 51 F.3d 562, 568 (5th Cir. 1995); *Luevano v. Dow Corning Corp.*, 183 B.R. 751, 752 (W.D. Tex. 1995); *see also McCratic v. Bristol-Myers Squibb and Co.*, 183 B.R. 113, 115 (N.D. Tex.

6

1995); *DaSilva v. American Savings*, 145 B.R. 9, 12 (S.D. Tex. 1992); *Nickum v. Brakegate, Ltd.*, 128 B.R. 648, 651-52 (C.D. Ill. 1991). This Court should continue to follow our precedents, narrowly construe §1334, and remand this case.

In addition to its approval of the *Pacor* case, the Fifth Circuit has held more than once that claims for indemnity and contribution do not "relate to" title 11. In *In re Zale Corp.*, the Court found no "related to" jurisdiction over claims between non-debtors, stating:

> We begin our analysis by noting that a large majority of cases reject the notion that bankruptcy courts have "related to" jurisdiction over third-party actions. Those cases in which courts have upheld "related to" jurisdiction over third-party actions do so because the subject of the third-party dispute is property of the estate, or because the dispute over the asset would have an effect on the estate. Conversely, courts have held that a third-party action does not create "related to" jurisdiction when the asset in question is not property of the estate and the dispute has no effect on the estate. Shared facts between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action "related to" the bankruptcy. Moreover, judicial economy alone cannot justify a court's finding jurisdiction over an otherwise unrelated suit.

*Id.*, 62 F.3d 746, 753 (5th Cir. 1999) (footnotes omitted).

In *In re Walker*, 51 F.3d 562, 569 (5th Cir. 1999), the Fifth Circuit recognized and followed this rule: "As several courts have observed, 'a vast majority of cases find that 'related to' jurisdiction is lacking in connection with third-party complaints." (citations omitted).

In sum, the *Pacor* decision itself, using and giving practical application to what the *Chesapeake Crossing* court referred to as a "measure of reasonableness," held that future possible indemnity claims do not rise to the level of having a "conceivable effect on the estate." This practice of applying the *Pacor* test with "a measure of

7

reasonableness" in determining "related to" jurisdiction is common and correct. It happened in *Pacor* itself, it happened in the Fifth Circuit's opinions in *Walker* and *Zale*, and elsewhere.[4] Because there is no subject matter jurisdiction, it should happen here as well. This case must be remanded to the state court.

## C.    THIS COURT MUST ABSTAIN AND REMAND THE ACTION

This case must be remanded because the mandatory abstention statute is applicable. *See* 28 U.S.C. § 1334(c)(2).[5] A court *must* abstain from hearing a case brought under Section 1334(b) if five factors are met:

1. A timely motion is filed;
2. The removed case is based on State law;
3. The case does not "arise under" or "arise in" a case under title 11;
4. The case could not have been brought in federal court absent Section 1334;
5. The case can be timely commenced and adjudicated in state court.

*Id.; see In Re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997). Here, all the requirements of mandatory abstention have been satisfied; consequently, this Court must abstain and remand this case to the state court.

### 1. This Motion is Timely

---

[4] The following list of cases, which is not exhaustive, are some additional decisions recognizing that the possibility of a later suit against the debtor for contribution or indemnity does not create federal jurisdiction over actions between non-debtors. *In Re Fitzgeralds Gaming Corp.*, 261 B.R. 1, 7 (Bankr. W.D. Mo. 2001); *Southern Company Energy Marketing LP v. Virginia Electric and Power Co.*, 190 F.R.D. 182, 190 n.18 (E.D. Va. 1999); *LaSalle Marine Services, Inc. v. Apache Corp.*, 1994 WL 180116 *2 (E.D. La. 1994); *Chesapeake Crossing Associates v. TJX Companies, Inc.*, 1992 WL 469801 at *2 (E.D. Va. 1992) *Barrie v. Jacobs*, 120 B.R. 704, 705-06 (S.D.N.Y. 1989); *National City Bank v. Coopers & Lybrand*, 1985 WL 6424, *5 (D. Minn. 1985).

[5] Mandatory abstention applies to removed cases. *In Re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999).

This case was removed less than thirty days ago; therefore, this motion is clearly

timely.  *See, e.g.*, *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 777

(BAP 10th Cir. 1997); *O'Rourke v. Cairns*, 129 B.R. 87, 91 (E.D. La. 1991).[6]

### 2.  The Removed Case Is Based On State Law

This is a state law personal injury case.  *See* Exhibits to the Notice of Removal.

### 3.  The Removed Case Does Not "Arise Under" or "Arise In" Title 11

A case "arises under" Title 11 where a party is claiming a right or remedy created

by one of the specific sections of Title 11 of the United State Code.  A case "arises in" a

case involving Title 11 where it relates to administrative matters which can arise only in

a bankruptcy case, such as claims allowance, discharge and plan confirmation.  *E.g., In

re Wood*, 825 F.2d 90, 96 (5th Cir. 1987).  Here, the removed case is a state law tort

suit.  There is no argument that it arises in or arises under Title 11.

### 4.  The Case Could Not Have Been Brought In Federal Court Absent Section 1334.

No federal claims have ever been plead in this case.  Therefore, the removed

action could not have been brought initially in federal court under 28 U.S.C. § 1331.

Also, there was and is no diversity jurisdiction under 28 U.S.C. § 1332 because some

plaintiffs and some defendants are citizens of the same state.[7]

---

[6] This element is not mentioned in the Fifth Circuit's formulation, *In Re Rupp & Bowman Co.*, but in any event it has been satisfied.

[7] No other jurisdictional provisions are even remotely relevant.

### 5. The Case Can Be Timely Adjudicated In State Court

This case is being timely adjudicated in the state court.  Discovery has been undertaken and the case is progressing.  As one appellate court aptly stated, "timeliness is relative."  *Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 779 (BAP 10th Cir. 1997).  Given the complex nature of asbestos personal injury litigation, this case is progressing in a timely manner.

In sum, because all of the elements of mandatory abstention are met, this Court must abstain and remand this case to state court.  This has been the universal practice in attempted asbestos "related to" removals.  See, *In Re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997).  *See also Allphin v. ACandS, Inc.,* No. G-01-660 (S.D. Tex., Nov. 19, 2001) (Exhibit A); *Duke v. ACandS, Inc.,* No. 01-CA-751-SS (W.D. Tex., Nov. 9, 2001) (Exhibit B)*; Combs v. Able Supply, Inc.,* No. 3:01-CV-046 (TH) (E.D. Tex., Nov. 19, 2001) (Exhibit C); *Gill v. ACand S, Inc.,* No. 3:01-CV-2110-G (N.D. Tex., Nov. 15, 2001) (Exhibit D); *Sterling v. AC&S, Inc.,* No. C-01-581 (S.D. Tex., Nov. 9, 2001); *Johnson v. AC&S, Inc.,* No. 1:01cv408GR (S.D. Miss., Oct. 3, 2001)(Exhibit E); *Arnold v. AC&S, Inc.,* No. C-01-478 (S.D. Tex., Nov. 9, 2001) (Exhibit F).

### D.   DISCRETIONARY ABSTENTION AND EQUITY ALSO DICTATE REMAND

This Court has been given wide discretion by Congress to abstain from entertaining jurisdiction over removed cases on any appropriate ground.  28 U.S.C. § 1334(c)(1).  *See O'Rourke v. Cairns*, 129 B.R. 87, 90 (E.D. La. 1991).  Even when abstention is not mandated by statute, cases should be remanded when the state court is the more appropriate jurisdiction.  Even if jurisdiction did exist (which it does not) and

10

even if the mandatory abstention statute did not require abstention (which it does), this case should still be remanded based on discretionary abstention and equity.

Discretionary abstention is appropriate where any combination of the following non-exclusive factors support the exercise of judicial restraint:(1) forum non conveniens; (2) possible bifurcation; (2) state court experience with state law; (3) expertise of the state court; (4) avoidance wasteful use of judicial resources; (5) prejudice to the involuntarily removed parties; (6) comity issues; and (7) likelihood of inconsistent results. *See Browning v. Navarro,* 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); *O'Rourke*, 129 B.R. 87 at 90. Application of these factors weigh strongly in favor of remanding this case.

First, by the admission of the removing parties, these would be non-core proceedings. In such cases, issues of comity should be our first concern. Here, in the unlikely event that "related to" jurisdiction is found to exist (which it should not), that relation would be of the most tenuous sort. The interest of the federal system would be very weak. Balanced against the strong interest of the state court in cases where only state law is involved, it is clear that the state court is the more appropriate forum to resolve these cases. Removal is inappropriate. As the Court noted in *O'Rourke*, "[c]ongress has made it plain that, in respect to non-core proceedings such as this (i.e., cases which assert purely state law causes of action), the federal courts should not rush to usurp the traditional precincts of the state court.'" , 129 B.R. at 91; *Scherer v. Carroll*, 150 B.R. 549, 552 (D. Vt. 1993) , see also, *Nikum v. Brakegate, Ltd.*, 128 B.R. 648, 649 (C. D. Ill. 1991) ( *holding*, court must refuse the invitation to uphold a "nimble

11

attempt to bootstrap state court actions into federal cases by way of the bankruptcy court.").

Second, the state court have developed a level of expertise in dealing with asbestos cases. *See McCratic v. Bristol-Myers Squibb and Co.*, 183 B.R. 113, 115-16 (N.D. Tex. 1995). As one court has remarked, asbestos litigation is specialized, complex and unique. *See, e.g., State ex rel. H.K. Porter Co., Inc. v. White*, 182 W.Va. 97, 103, 386 S.E.2d 25, 31 (1989). State courts have significant experience in resolving the many common issues arising in and around asbestos cases. This factor favors abstention and remand. *McCratic*, 183 B.R. at 115-16. The removing defendants want to create a massive federal asbestos docket. There is no need for that.

Third, prejudice to these involuntarily removed parties calls for abstention. This case was removed from the state court after years of pretrial preparation. Failure to remand it would be plainly prejudicial. *See, e.g., O'Rourke*, 129 B.R. at 91 (involuntarily removed parties prejudiced "because of the institutional delays implicit in starting over in this Court."). The removing parties have the right to have their arguments heard before the state court. And the plaintiffs have the right to move their case to resolution without needless delay.

Fourth, the removals of the underlying case and their transfer to this Court would make rampant duplication of effort by the parties, would be a tremendous waste of judicial resources, and would be rife with the possibility of inconsistent results. Should this case not be returned to the state court, bifurcation and a needless and substantial

12

waste of judicial resources will result. *See Agribank v. Fay (In re Fay)*, 155 B.R. 1009, 1011 (Bankr. E.D. Mo. 1993). The removals by Honeywell are of the claims against them only. By definition, they have splintered the underlying tort litigation so that transferring the cases here would bifurcate the proceedings. Failure to remand is wasteful to this Court, since no matter what is done here in the controversy between the non-debtors and the plaintiffs, a state court judge will be doing the same things and litigating the same medical and liability issues anyway for the victims and the remaining, non-removing state court defendants. It is clear that permissive abstention is appropriate and warranted here.

### E.   THIS COURT SHOULD AWARD THE MOVANTS THEIR ATTORNEY'S FEES

After seeing the notices of removal filed by various automobile manufacturers, Honeywell, filed hundreds of notices of removal with this office. They should have known better. The law in this jurisdiction is so squarely against removal that any local attorney surely would have seen that the removal was meritless. For this, the removing parties should be responsible for our fees.

When a case is remanded to state court, 28 U.S.C. § 1447(c) provides that the court "may require the payment of just costs and expenses, including attorney fees, incurred as a result of the removal." This provision is applicable to bankruptcy removals. *Billington v. Winograde (In re Hotel Mt. Lassen, Inc.)*, 207 B.R. 935, 943 (Bankr. E.D. Cal. 1997). Bad faith is not a necessary prerequisite for the award, although the nature of the conduct is relevant. *Id.*

Here, an award of fees is more than appropriate. First, given the existing law,

13

the lack of merit of this removal is obvious. Second, the reason for the removals is clearly for harassment and delay - nothing more or less. They say they want a decision on the admissibility of certain evidence. Have they ever once asked a state court to decide that issue? Not in any of the Foster & Sear, L.L.P. cases they have now removed. They don't want an evidentiary issue decided. They want to delay these cases.

Given these facts and given the law, attorney's fees are more than appropriate.

### III.

### CONCLUSION

This case must be remanded for lack of jurisdiction as to this non-debtor. In the alternative, this Court is required to abstain and remand this case.

By: _____
EDWARD M. SLAUGHTER
State Bar No. 24015112
ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to counsel for the removing defendants by hand delivery on the _____ day of January, 2002.

_____
Edward M. Slaughter

14

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 23rd day of January, 2002, I conferred with counsel for the removing defendant, and that they oppose the relief sought by this Motion.

Edward M. Slaughter



PLAINTIFF'S
EXHIBIT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

NOV 1 9 2001

Michael N. Milby, Clerk

GLENDA ALLPHIN, et al.,       §
                              §
            Plaintiffs,       §
                              §
v.                            §        CIVIL ACTION NO. G-01-660
                              §
ACandS, INC., et al.          §
                              §
            Defendants.       §

## ORDER OF REMAND

This case is one of sixteen lawsuits recently removed to this Court from various state district courts throughout Texas. In each of these cases, Plaintiffs filed state court actions asserting various asbestos-related personal injury and/or wrongful death claims against nearly fifty defendants, including Gasket Holding, Inc., a subsidiary of Federal Mogul Corporation (""Federal Mogul""). On October 1, 2000, Federal Mogul filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware. Shortly thereafter, on October 22, 2001, Defendant Garlock, Inc. (""Garlock"") filed an Application and Notice of Removal in this Court, seeking to remove the instant cause of action on the basis of 28 U.S.C. §§ 1452(a), along with an Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. §§ 157(b)(5) for Venue Determination. In response, Plaintiffs filed a Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand, as well as a Motion to Sever All Claims Against Bankrupt Defendants.

After careful consideration of all of the pleadings and evidence submitted by both parties herein to date, the Court has determined that bankruptcy subject matter jurisdiction does not exist

in this case under § 1334(a) and (b), as averred by Defendant Garlock, and therefore was improperly removed under § 1452(a). As such, the Court hereby **REMANDS** this case to the 23rd Judicial District Court of Brazoria County, Texas for **LACK OF SUBJECT MATTER JURISDICTION.** The Court further notes that pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of Remand is "not reviewable on appeal or otherwise." See also, e.g., In re Rayburn Enterprises, 781 F.2d 501, 502-03 (5th Cir. 1986); Compton v. Compton, 711 F.2d 626, 627 (5th Cir. 1983) (both holding in the context of bankruptcy-related cases that "[w]hether the remand order be viewed as one of abstention or as one grounded in a perceived want of jurisdiction, we are not empowered to review it").

IT IS SO ORDERED.

DONE this ___ day of November, 2001 at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE



PLAINTIFF'S
EXHIBIT
B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

NOV 0 9 2001

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

LILLIAN H. DUKE,
    Plaintiff

vs.

ACAND S Inc., et al,
    Defendant

§
§
§
§
§
§
§
§
§

Case No. 01-CA-751-SS

## AMENDED ORDER

BE IT REMEMBERED that on the 5th day of November 2001, the Court called the above-styled cause for a hearing on Plaintiff's Motion for Expedited Remand [#3], and the parties appeared by counsel of record. After hearing arguments from both sides, the Court set another hearing for November 6, 2001 to allow Defendant time to file a response to the motion [#5] and Plaintiff to supplement the record [#6]. On November 6, the parties again appeared by counsel of record and presented arguments. The Court confirms the announcements it made at the November 6 hearing with the following opinion and order.

### Factual and Procedural Background

In 1996, Plaintiff Lillian Duke ("Duke") sued a number of defendants in Travis County District Court under a theory of state law tort liability, claiming defendants were responsible for the death of her husband from exposure to asbestos while working at a tobacco plant owned by Defendant Brown and Williamson ("B&W") for 39 years. *See Plaintiff's Motion to Remand*, Ex. A ("Parris Affidavit"). Duke simultaneously sued defendants in federal court in North Carolina on the same theory. Over the years, defendants began to trickle away, due to settlement or bankruptcy. The first defendant to declare bankruptcy was Pittsburgh Corning Corporation, which filed for

8

Chapter 11 bankruptcy on April 16, 2000 in the U.S. Bankruptcy Court for the Western District of Pennsylvania. *See Plaintiff's Motion to Remand,* Ex. 1. The most recent bankruptcy declaration was Federal-Mogul Global, Inc.'s on September 30, 2001 in the U.S. Bankruptcy Court for the District of Delaware. *See Plaintiff's Motion to Remand,* Ex. 2. According to B&W, Gasket Holdings and T&N Limited also filed for bankruptcy on September 30, 2001 in Delaware. *See Defendant's Opposition,* at 3. According to the record, B&W is the only defendant who has neither settled with Duke nor filed for bankruptcy.

On November 2, 2001, the Friday before the jury trial was to begin in Travis County District Court on Monday, B&W removed the case to this Court. The Travis County court had denied B&W a continuance on November 1. Duke filed her Motion for Expedited Remand on November 5.

### Analysis

#### A.    Timeliness

Duke seeks to remand this case to the Travis County state court on the grounds that removal was not timely because B&W removed the case on November 2, 2001, long after the first defendant filed for bankruptcy on April 16, 2000. B&W's removal was based on the bankruptcy statute, 28 U.S.C. § 1452, which is governed by Bankruptcy Rule 9027, under which a party has 90 days to remove a pending case in state court following an order for relief in a case under the Bankruptcy Code. *See* FED. R. BANK. P. 9027(a)(2). Duke contends the deadline for removal expired 90 days after April 16, 2000. B&W alleges it did not receive notice of any defendant filing for bankruptcy until October 4, 2001, when it received notice of the September 30 Gasket Holdings and T&N filings. *See Defendant's Opposition,* at 3. Thus, its November 2 removal was well within the 90-day window for removal under Rule 9027.

The Supreme Court has emphasized the importance of defendants receiving notice of the event giving rise to removal before the removal clock starts ticking. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999). Given the importance of service of process, this Court finds the 90-day period began when B&W received notice of the bankruptcy filings on October 4, 2001, and thus the removal was timely under Rule 9027.

**B.     Subject Matter Jurisdiction**

Duke contends this Court does not have subject matter jurisdiction over this case because the case was improperly removed. Under 28 U.S.C. § 1452(a), a party may remove a claim to the federal district court for the district in which the case is pending if the district court has bankruptcy jurisdiction over the case under 28 U.S.C. § 1334. Section 1334 of Title 28 of the United States Code gives district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code], or arising in or related to cases under title 11." Thus, the determination of whether this Court has jurisdiction over this case involves an inquiry into whether the case is "arising under title 11" or "arising in or related to cases under title 11." In making this determination, the Court keeps in mind that removal statutes are to be strictly construed, with any doubts resolved against removal and in favor of remanding the case to the state court. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Healy v. Ratta,* 292 U.S. 263, 270 (1934).

B&W contends removal is proper because, under the Travis County District Court's standing order in asbestos cases, it has an automatic cross-claim for contribution against the other defendants, including the bankrupt defendants. *See Plaintiff's Motion,* Ex. 3 ("Standing Order"), ¶ 20 ("Each Defendant with an answer on file is deemed to be asserting a cross-action for contribution and indemnity against each of the other defendants and/or settling defendants for any claims they may

-3-

assert in such action."). B&W argues its cross-claim for contribution from the bankrupt parties will impact the administration of their bankruptcy estates, so the case is "related to" the title 11 bankruptcy cases. Although the record does not clearly indicate which defendants are still in the case, B&W contends Gasket Holdings and T&N have not yet been dismissed, and Duke provides no contrary evidence. *See Defendant's Opposition*, at 4. Until these two bankrupt defendants are dismissed, B&W's cross-claim against them is still pending.

The Fifth Circuit has held a case is "related to" a bankruptcy case under title 11 "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively), and which in any way impacts upon the handling of the bankrupt estate." *Matter of Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d. Cir. 1984)). B&W's cross-claims against the bankrupt defendants would certainly alter their liabilities and impact the handling of the bankruptcy estate. Thus, the Court finds this case is "related to" the bankruptcy administration of Gasket Holdings and T&N. *See Broyles v. U.S. Gypsum Co.*, – B.R. –, 2001 WL 1078178, at *2 (E.D. Tex. 2001) ("The Court finds this action is at least 'related to' the bankruptcy case because any result may have the effect of either reducing or enlarging the property of the bankruptcy estate."); *In re Celotex Corp.*, 124 F.3d 619, 626-27 (4th Cir. 1997) ("any recovery by [the plaintiff] against [the non-bankrupt defendant] would impact the handling and administration of [the debtor's] bankruptcy estate by changing the character of [the non-bankrupt defendant's] indemnification claim against [the debtor] from contingent and unliquidated to certain and liquidated."). Therefore, this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1334 (b).

-4-

## C.    Abstention

Even when a court has subject matter jurisdiction over a case under 28 U.S.C. § 1334(b), it may abstain from exercising jurisdiction in this case under the discretionary abstention provision of 28 U.S.C. § 1334(c)(1).  That provision allows a district court to abstain from hearing a case "related to" a bankruptcy proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).  A Court has "broad discretion" to decide whether to abstain from hearing a case under this provision. *Matter of Gober*, 100 F.3d 1195, 1206 (5ᵗʰ Cir. 1996).  Additionally, a court may remand a case "related to" a bankruptcy case if there is any equitable ground for doing so.  *See* 28 U.S.C. § 1452(b) ("The Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.").  Some factors court consider when deciding whether to abstain on these grounds include 1) the effect on the bankruptcy estate; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the existence of a right to jury trial; 4) comity with state courts; and 5) the possibility of prejudice to parties in the action.  *See Chickaway v. Bank One Dayton, N.A.*, 261 B.R.646, 651 (S.D. Miss. 2001); *Searcy v. Knostman*, 155 B.R. 699, 710 (S.D. Miss. 1993).

This case has been pending in the state court since 1996.  A jury trial was to begin on November 5, 2001, the next business day after B&W removed it to this Court. This case involves the application of state law, albeit North Carolina law.  While the shadow of bankruptcy will encompass the case, given its role in the disappearance of defendants, the concrete form of bankruptcy law will likely creep only into the case's vestibule.  Duke has waited five years for the adjudication of her claim, and B&W knew the day would come when no more continuances were allowed. The interest of comity with state courts and equitable considerations both weigh in favor

of remand. *See Broyles v. U.S. Gypsum*, – B.R. –, 2001 WL 1078173, at *5–*6 (E.D. Tex. 2001). This Court exercises its discretion to abstain from hearing this case, severs B&W from the bankrupt defendants, and remands Duke's case against B&W to the Travis County District Court.

In accordance with the foregoing:

IT IS ORDERED that Duke's claims against Brown & Williamson are SEVERED from Duke's claims against bankrupt defendants;

IT IS FURTHER ORDERED that Plaintiffs' Motion for Expedited Remand [#3] is GRANTED as to all claims of Duke against Brown & Williamson;

IT IS FINALLY ORDERED that the Clerk remand all claims of Duke against Brown & Williamson to the Travis County District Court for further proceedings. All court costs accrued are assessed against the removing defendant, pursuant to 28 U.S.C. 1447(c), for which let execution issue.

SIGNED this the __9th__ day of November 2001.

SAM SPARKS
UNITED STATES DISTRICT JUDGE



PLAINTIFF'S
EXHIBIT
C

**EOD** 11-20-01

01 NOV 19 PM 1:43

TX E...................

BY B. Carter



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

CHARLES COMBS et al.,
  Plaintiffs,

v.          CASE NUMBER 3:01-CV-046 (TH)

ABLE SUPPLY CO. et al.,
  Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

Before the Court is *Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand* [Doc No 10]. After considering the motion, removing-defendant Garlock Inc.'s ("Garlock's") *Application and Notice of Removal Filed by Defendant Garlock Inc.* [Doc. No. 1], its supplement thereto [Doc. No. 9], its response to plaintiffs' motion for remand [Doc No. 29], its *Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) for Venue Determination* [Doc. No. 2], plaintiffs' response thereto [Doc. No. 14], plaintiffs' *Motion to Sever All Claims against Bankrupt Defendants* [Doc. No. 13], and Garlock's response thereto [Doc. No. 20], the Court is of the opinion that the above-captioned case should be remanded.

### Background

This case presents the question of whether one defendant's bare-bones assertion of cross-claims against bankrupt co-defendants gives this Court subject matter jurisdiction over an asbestos case otherwise lacking a federal question and without diversity of citizenship. Garlock, one of forty-two defendants, removed plaintiffs' asbestos case arguing that the boilerplate cross-claims against all co-defendants in its state court answer gives this Court subject matter jurisdiction by virtue of a few co-defendants' filing bankruptcy.

32

## Legal Standard

The removing party, Garlock, has the burden of establishing federal jurisdiction over this case. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). It removed the case pursuant to Title 28, United States Code, Section 1452(a), arguing that this Court has subject matter jurisdiction because this case is "related to" a Chapter 11 bankruptcy case involving some of Garlock's co-defendants as required by Section 1334(b). See 28 USC § 1452(a) ("A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."); 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, arising in or *related to* a case under title 11." (emphasis added)). A case is related to a bankruptcy case if "'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" In re Walker, 51 F.3d 562, 569 (5th Cir. 1995) (quoting In re Wood, 825 F.2d 90, 92 (5th Cir. 1987)).

If the Court finds that this case is not related to the bankruptcy case, the Court lacks subject matter jurisdiction and should remand the case pursuant to Title 28, United States Code, Section 1447(c). 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded "). Even if this Court finds that this case is related to the bankruptcy case, the Court has broad discretion to abstain from hearing the case "in the interest of justice, or in the interest of comity with State courts or respect for State law" under Section 1334(c)(1). 28 U.S.C. § 1334(c)(1); In re Gober, 100 F.3d 1195, 1206 (5th Cir. 1996)) (noting the district court's "broad discretion" to abstain under Section 1334(c)(1)). The Court can also remand the case "on any equitable ground" under Section 1452(b). 28 U.S.C. § 1452(b).

## Analysis

Garlock argues that this case is related to its co-defendants' bankruptcy case by virtue of its cross-claims against those co-defendants; however, Garlock has provided no facts to support these scantily asserted cross-claims. Instead of meeting its burden of establishing federal jurisdiction by providing a factual basis, Garlock has asked the Court to simply assume that its cross-claims against the bankrupt co-defendants exist. Assuming that Garlock's claims are real, the Court FINDS that Garlock's claims are so tenuously related to the bankruptcy case involving Garlock's co-defendants as to be virtually immaterial at this time.

Accordingly, the Court FINDS that the Court lacks subject matter jurisdiction over this case. Therefore, the case must be remanded pursuant to Title 28, United States Code, Section 1447(c). If this case were related to the bankruptcy case, in the interest of justice and in the interest of comity with Texas courts and out of respect for Texas law, the Court would ABSTAIN from hearing the case under Title 28, United States Code, Section 1334(c)(1). Additionally or alternatively, the Court REMANDS the case out of concern for the same interests pursuant to Title 28, United States Code, Section 1452(b).

## ORDER

IT IS THEREFORE ORDERED that *Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand* [Doc. No. 10] is GRANTED.

IT IS FURTHER ORDERED that all pending motions are DENIED AS MOOT.

IT IS FURTHER ORDERED that the Clerk is DIRECTED to send a certified copy of this order of remand to the 62nd district court of Hopkins County, Texas.

IT IS FURTHER ORDERED that the Clerk is DIRECTED to close this case.

SO ORDERED.

Signed this 19th day of November, 2001.

Thad Heartfield
United States District Judge

PLAINTIFF'S
EXHIBIT
tablas    D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS

NOV 1 5 2001

CLERK U.S. DISTRICT COURT
By _____

DENNIS GILL, Individually and as      )
Personal Representative of the Heirs and )
Estate of ROBERT GILL, Deceased,      )
ET AL.,                               )
                                      )      CIVIL ACTION NO.
            Plaintiffs,               )
                                      )      3:01-CV-2110-G
                                      )
VS.                                   )
                                      )
ACANDS, INC., ET AL.,                 )
                                      )
            Defendants.               )



## ORDER

   Before the court are the following motions: (1) the motion of the plaintiffs,

Dennis Gill, individually and as personal representative of the heirs and estate of

Robert Gill, and Ann Smith, individually and as personal representative of the heirs

and estate of Stephen Smith (collectively, "the plaintiffs"), to sever all claims against

bankrupt defendants in this action, (2) the motion of the plaintiffs to remand this

case to the state court from which it was previously removed, and (3) the emergency

motion of defendant Garlock, Inc. to transfer this case pursuant to 28 U.S.C.

§ 157(b)(5). The motions are granted in part and denied in part.

Certified a true copy of an instrument
on file in my office on _____
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

In *Arnold, et al. v. AC&S, Inc., et al.*, No. C:01-CV-478 (S.D. Tex. Nov. 9, 2001), the U.S. District Court for the Southern District of Texas, Corpus Christi Division, Judge Janice Graham Jack presiding, severed all claims against the debtor in that action, transferred those claims to the district court in Delaware, and remanded the remainder of the claims to the state court in which they were originally filed. The reasoning of *Arnold* is unassailable, and this case is indistinguishable from it. For the reasons stated in *Arnold*, all claims in this action against debtors Federal Mogul Corporation (sued individually and as successor in interest to T&N PLC, T&N Ltd., and/or T&N, Inc. and as successor in interest to Cooper Automotive Division of Cooper Industries, Inc.): Wagner Electric Corporation and Abex Corporation f/k/a American Brake Shoe Company and American Brake Shoe and Foundry Company (successor-by-merger to the American Brake Shoe and Foundry Company f/k/a the American Brake Block Corporation); and Gasket Holding, Inc. (sued individually and as successor in interest to Flexitallic Gasket Company) are SEVERED and TRANSFERRED, pursuant to 28 U.S.C. § 157(b)(5),* to the United States District Court for the District of Delaware. All remaining claims are

---

* Garlock simultaneously removed seven cases to this court based on alleged "related to" jurisdiction. The bankruptcy referred to in this order (and in the three remaining cases) is Case Number 01-10578, pending in the United States Bankruptcy Court for the District of Delaware.

- 2 -

REMANDED, pursuant to 28 U.S.C. § 1447(c) and/or § 1452(b), to the 40th

Judicial District Court of Ellis County, Texas, where they were originally filed.

The clerk shall mail a certified copy of this order to the district clerk of Ellis

County, Texas.  28 U.S.C. § 1447(c).

SO ORDERED.

November 15, 2001.

A. JOE FISH
United States District Judge



PLAINTIFF'S
EXHIBIT
E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED
- - 2001

SIMEON JOHNSON, et al                                                    PLAINTIFFS

VS                                          CIVIL ACTION NO. 1:01cv408GR

ACANDS, INC., et al                                                      DEFENDANTS

## O R D E R

This cause comes before the Court on the motion to remand [2-1] filed by the plaintiffs,

Simeon Johnson, et al  After due consideration of the evidence of record, the briefs of counsel,

the applicable law, and being otherwise fully advised in the premises, the Court finds as follows.

The Court shall recite a brief procedural history of this case:

1  Plaintiffs filed their complaint in April 2000 in the Circuit Court of Holmes
County.

2. Part VII (B.) of the Case Management Order dated September 28, 2000,
stipulates that "[c]ross claims for indemnity must be filed in accordance with the
Mississippi Rules of Civil Procedure   . [and] all cross claims for indemnity and
counter claims, as well as the claims of Plaintiffs and of those defendants that
declare bankruptcy, arising out of or relating to this matter are hereby severed for
trial at another date and time." (Pl. Mot  to Remand, Exh. B )

3  On June 25, 2001, named defendant U. S. Gypsum Company [Gypsum] filed
for relief under Chapter 11 with the United States Bankruptcy Court for the
District of Delaware.

4  On September 18, 2001, the plaintiffs dismissed named defendants Flexitallic,
Inc. [Flexitallic], and Gypsum.

5. On October 1, 2001, Flexitallic filed for relief under Chapter 11 with the
United States Bankruptcy Court for the District of Delaware

6. On October 2, 2001, the defendants filed a notice of removal with this Court.

16

7. On October 2, 2001, the plaintiffs filed an emergency motion to remand with this Court.

The defendants contend, over the objection of the plaintiffs and of the Case Management Order of September 28, 2000, that the defendants have cross-claims for indemnity pending against Flexitallic and Gypsum.

The defendants assert the jurisdiction of this Court pursuant to 28 United States Code § 1334(b), claiming their indemnity actions to be a core proceeding. Alternatively, the defendants contend that if their indemnity actions are not core proceedings, they are at least related, non-core proceedings and therefore, not subject to the mandatory abstention provision of 28 United States Code § 157(b)(4).

From the outset, the Court notes that actions for indemnity do not accrue until the primary defendant sustains loss or is cast in judgment. *See Meloy v. Conoco, Inc.*, 817 F.2d. 275, 280 (5th Cir. 1987); *Marathon Pipe Line Co. v. Drilling Rig Rowan/Odessa*, 761 F.2d 229, 235-36 (5th Cir. 1985); *Orient Mid-East Lines, Inc. v. A Shipment of Rice*, 496 F.2d 1032, 1042 (5th Cir. 1974) "The allegations of the complaint against the indemnitee are irrelevant to the indemnitor's obligation to pay." *Meloy*, 817 F.2d at 280. In this instance, the defendants' cross-claims for contribution, like indemnity, are irrelevant as they are unripe for adjudication. Further, because there is no actual or imminent injury there is no standing. Consequently, the claims which form the basis for removal are nonjusticiable claims, and the Court must remand the case to the Circuit Court of Holmes County

Alternatively and no less binding, the Court finds that the Case Management Order of September 28, 2000, specifically severed such actions as the instant cross-claims from the asbestos suit filed in the Circuit Court of Holmes County, regardless of the arguments by the

2

defendants that cross-claims for contribution were deemed to be filed against all defendants. Further, Flexitallic and Gypsum were dismissed from the asbestos case and are no longer named defendants. Also, per the Case Management Order, the cross-claims against Flexitallic and Gypsum could be viewed as dismissed relating back to the date of September 19, 2001, which was the scheduled date of the pre-trial; or be seen as constructively dismissed due to the fact that such claims shall mandatorily be dismissed by no later than 30 days from September 18, 2001, the date the Order of Dismissal was filed. ( See Case Management Order dated September 28, 2000, Parts VII, XV.) The Court shall not condone removal based upon such immaterial and insubstantial cross-claims. The Court therefore finds that the defendants' cross-claims are moot.

Assuming *arguendo* that the cross-claims were ripe for adjudication and ignoring the serious issue of establishing federal subject matter jurisdiction through a cross-claim arising under a state action lacking a federal question, this Court refuses to exercise its supplemental jurisdiction pursuant to 28 United States Code § 1367(c)(2) because the state claims predominate over the issue of contribution  Further, this Court will not exercise jurisdiction over state claims where the defendants have removed a case on the eve of trial concerning cross-claims for contribution against a non-party currently involved in bankruptcy proceedings in Delaware, especially given the fact that the legal basis for removal -- the filing for bankruptcy relief -- was known as early as June 25, 2001, when Gypsum sought Chapter 11 relief. *See* 28 U.S.C § 1367(c)(4). Consequently, the Court finds that all state claims should be remanded to the Circuit Court of Holmes County.

Again, assuming *arguendo*, that the cross-claim for contribution is ripe and federal subject matter jurisdiction exists, the Court finds that it should, in the interest of comity with

3

State courts and respect for State law, abstain from hearing the proceeding pursuant to this Court's discretionary authority under 28 United States Code § 1334(c)(1). It is therefore,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [2-1] be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that the above referenced action be, and is hereby, remanded to the Circuit Court of Holmes County, Mississippi. The Clerk of Court is directed to immediately forward a copy of this order, together with the Court record, to the Circuit Court of Holmes County, Mississippi. It is further,

ORDERED AND ADJUDGED that the parties bear their respective costs.

SO ORDERED AND ADJUDGED this the 3rd day of October, A.D., 2001.

UNITED STATES DISTRICT JUDGE

4



PLAINTIFF'S
EXHIBIT

tabber

8 F

United States District Court
Southern District of Texas
ENTERED

NOV 0 9 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

BILLY ARNOLD AND SYBIL ARNOLD;        §
RICHARD BOYLE AND BARBARA BOYLE;      §
ROBERT McCULLOUGH AND ANNETE          §
McCULLOUGH,                           §
                                      §
        Plaintiffs,                   §
                                      §
vs.                                   §   CIVIL ACTION NO. C-01-478
                                      §
AC&S, INC., et al.,                   §
                                      §
        Defendants.                   §

**ORDER**

On this day came on to be considered Defendant Garlock Inc.'s ("Garlock") Application and Notice of Removal[1] and Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) for Venue Determination as well as Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand and Plaintiffs' Motion to Sever all Claims against Bankrupt Defendants in the above-styled action. For reasons stated herein, the Court ORDERS that all claims against the Debtor[2] in this action be SEVERED and

---

[1] As an initial matter, Garlock has moved to supplement its Application and Notice of Removal with "inadvertently omitted pleadings." The Court grants Garlock's motion without expressing an opinion on the *reasons* for Garlock's incomplete removal of the instant case.

[2] Garlock removed nine cases at the same time to this Court based on alleged "related to" jurisdiction. The bankruptcy referred to throughout this Order (and in the other eight cases) is Case Number 01-10578, pending in the United States Bankruptcy Court

TRANSFERRED to the District Court in Delaware pursuant to 28 U.S.C. § 157(b)(5). The Court also ORDERS that all remaining claims be REMANDED pursuant to 28 U.S.C. § 1447(c) and/or §1452(b) to the 94th Judicial District Court of Nueces County, Texas, where they were originally filed and assigned Cause Number 00-5582-C.

## I.  JURISDICTION

Garlock contends that this Court has original jurisdiction of the Removed Case pursuant to 28 U.S.C. §§ 1334(a)-(b) and that this case is removable pursuant to 28 U.S.C. § 1452(a).[2]

## II.  FACTS AND PROCEEDINGS

Billy Arnold and Sybil Arnold, Richard Boyle and Barbara Boyle, Robert McCullough and Annette McCullough (collectively,

---

for the District of Delaware. Initially, Garlock failed to explain which entities were involved in that bankruptcy (styled "In Re Federal-Mogul Global, Inc."). Thus, in many of the nine cases, Federal-Mogul was not a party and it appeared to this Court that the bankruptcy had nothing to do with the removed case. At the hearing held on October 30, 2001, Garlock explained, and Plaintiff concurred, that the following entities were also a part of that bankruptcy, as subsidiaries and/or affiliates to Federal-Mogul: Gasket Holding, Inc., Flexitallic, Inc., T&N PLC, and T&N Ltd. In this Order, these entities are collectively referred to as the "Debtor," and at least one of them was sued by the Plaintiff in this action at one time or another. In this case, the relevant parties in bankruptcy are Gasket Holding, Inc. (sued individually and as successor in interest to Flexitallic Gasket Co.); T&N PLC, f/k/a Turner & Newell PLC; T&N PLC (successor in interest to Keasbey & Mattison); Turner & Newell Industries, Inc., d/b/a United Gasket Corp.; and Turner & Newell, Ltd., d/b/a United Fabricated.

[2]     As a threshold matter, the other named defendants do not need to consent to removal in the bankruptcy context.  See Creasy v. Coleman Furniture Corp., 763 F.2d 656 (4th Cir. 1985); Sommers v. Abshire, 166 B.R. 407, 409 (E.D. Tex. 1995; Plowman v. Bedford Financial Corp., 218 B.R. 607, 616 (N.D. Ala. 1998).

2

"Plaintiffs") brought an asbestos personal injury suit in the 94th Judicial District Court of Nueces County, Texas, against numerous Defendants, including Garlock, on October 12, 2000.   On December 22, 2000, Garlock filed a Cross-Action against "all Co-Defendants" for indemnification and/or contribution.   The Debtor filed for Chapter 11 bankruptcy within 90 days of Garlock's filing of the Notice and Application for Removal. Garlock removed the state court action to this Court on October 19, 2001, asserting the existence of federal question jurisdiction.  Garlock alleges this Court has original jurisdiction of the removed case pursuant to 28 U.S.C. §§ 1334(a) & (b) and that removal is proper pursuant to 28 U.S.C. § 1452(a).  Plaintiffs filed, among other things, (1) a Motion to Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand; and (2) a Motion to Sever all Claims against Bankrupt Defendants on October 30, 2001.   This case is one of nine asbestos personal injury cases removed by Garlock to this Court.[*]  At a hearing held to consider both Garlock's Emergency Motion to Transfer and Plaintiffs' Motion to Remand, counsel for Plaintiffs represented that it had either dismissed or attempted to dismiss the Debtor and all entities related to the Debtor (all involved in the bankruptcy) from the nine lawsuits.  However, some of those dismissals occurred

_____

[*]Those cases are as follows: (1) C-01-477; (2) C-01-478; (3) C-01-479; (4) C-01-480; (5) C-01-481; (6) C-01-482; (7) C-01-483; (8) C-01-484; and (9) C-01-485.

after removal, and so the Debtor remained a party in some of the nine cases. Plaintiffs' counsel agreed to dismiss all claims against the Debtor or its subsidiaries (also in bankruptcy) with prejudice in all nine cases.[5] Defendants filed a Response to Plaintiffs' Motion to Remand on November 1, 2001. The Court now conducts an examination of its jurisdiction over the instant action.

## III. DISCUSSION

### A. REMOVAL BASED ON FEDERAL QUESTION JURISDICTION GENERALLY

It is well-settled that the removing party bears the burden of showing that removal was proper. __Willy v. Coastal Corp.__, 855 F.2d 1160, 1164 (5th Cir. 1988). This burden extends to demonstrating the jurisdictional basis for removal. __Carpenter v. Wichita Falls Indep. Sch. Dist.__, 44 F.3d 362, 365 (5th Cir. 1995); __Delgado v. Shell Oil Co.__, 890 F.Supp. 1324, 1341 (S.D. Tex. 1995); __Albonetti v. GAF Corp. - Chem. Group__, 520 F.Supp. 825, 827 (S.D. Tex. 1981). The removal statutes are to be strictly construed against removal; doubts as to removability are resolved in favor of remanding the case to state court. __Shamrock Oil & Gas Corp. v. Sheets__, 313 U.S. 100, 61 S.Ct. 868 (1941); __Leffall v. Dallas Indep. Sch. Dist.__, 28 F.3d 521, 524 (5th Cir. 1994); __Butler v. Polk__, 592 F.2d 1293, 1296

---

[5]As is indicated, *infra*, the Court grants Plaintiffs' Motion to Dismiss.

(5th Cir. 1979); Walters v. Grow Group, Inc., 907 F.Supp. 1030, 1032 (S.D. Tex. 1995).

In general, an action is removable to a federal court only if it might have been brought there originally. See 28 U.S.C. § 1441(a); Avitts v. Amoco Production Co., 53 F.3d 690, 693 (5th Cir. 1995). The venue for removed actions is the district and division in which the state court action is pending. 28 U.S.C. § 1441(a); Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 73 S. Ct. 900, 902 (1953); Bacik v. Peek, 888 F. Supp. 1405, 1413 (N.D. Ohio 1993). District courts have original, federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-2856 (1983). Further, allegations which raise substantial questions of federal common law by implicating important foreign policy concerns confer federal question jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 543 & n.8 (5th Cir. 1997).

The presence of federal question jurisdiction is governed by the well pleaded complaint rule. Gully v. First Nat. Bank, 299

5

U.S. 109, 112-113, 57 S. Ct. 96, 97-98 (1936); <u>Powers v. South Central United Food & Commercial Workers Unions</u>, 719 F.2d 760, 764 (5th Cir. 1983). The well pleaded complaint rule establishes that a "plaintiff's properly pleaded complaint governs the jurisdictional determination, and if on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." <u>Aaron v. Nat'l Union Fire Ins. Co. of Pittsburgh</u>, 876 F.2d 1157, 1160-61 (5th Cir. 1989)(citing <u>Franchise Tax Bd. v. Laborers Vacation Trust</u>, 463 U.S. 1, 10, 103 S. Ct. 2841, 2846 (1983)). "Absent extraordinary circumstances, the well-pleaded complaint rule governs." <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 367 (5th Cir. 1995).

   **B.   REMOVAL AND FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1452 AND 1334**

   Section 1452(a) provides that a party may remove a claim or cause of action to *the district court where the civil action is pending* when that district court has jurisdiction over the claim under Section 1334. <u>See</u> 28 U.S.C. § 1452(a). The majority of courts find that Bankruptcy Rule 9027, which provides for a 90 day time limit to remove matters, governs the removal procedure. <u>See, e.g., In re TrafficWatch</u>, 138 B.R. 841 (Bankr. E.D. Texas 1992); <u>In re Donington, Karcher, Ronan & Rainone, P.A.</u>, 194 B.R. 750, 756 (D.N.J. 1996). Defendant has asserted that, pursuant to Rule 9027 of the Rules of Bankruptcy Procedure, the Application and Notice of Removal were filed properly within 90 days after the order for

6

relief in the Debtor's bankruptcy case. Plaintiffs do not disagree
with this contention.

Section 1334(b) provides that the district courts have
jurisdiction over all civil proceedings arising under Title 11, or
arising in or related to cases under Title 11. <u>See</u> 28 U.S.C. §
1334(b). Garlock claims that the state court action is "related
to" the Debtor's Title 11 case, and thus this Court has removal
jurisdiction. Though the "related to" cases are not limitless, a
claim is "related to" a case under Title 11 within the meaning of
28 U.S.C. § 1334(b) if the outcome of the proceeding could
conceivably have any effect on the estate being administered in
bankruptcy. <u>See, e.g., Celotex Corp. v. Edwards</u>, 514 U.S. 300, 308
n.6 (1995)(surveying cases); <u>In re Bass</u>, 171 F.3d 1016 (5th Cir.
1999)(quoting <u>In re Walker v. Cadle Co.</u>, 51 F.3d 562, 569 (5th Cir.
1995) ( a claim or cause of action is "related to" the bankruptcy
if the "outcome could alter the debtor's rights, liabilities,
options, or freedom of action (either positively or negatively) and
which in any way impacts upon the handling and administration of
the bankruptcy estate."); <u>In re Wood</u>, 825 F.2d 90, 93 (5th Cir.
1987); <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984 (3rd Cir. 1984)(an
action is related to bankruptcy if its outcome might alter the
rights, options, liabilities, or freedom of action of the debtor in
either a positive or negative way', <i>impliedly overruled on other
grounds by</i> <u>Things Remembered, Inc. v. Petrarca</u>, 516 U.S. 124, 216

7

S.Ct. 494, 133 L.Ed.2d 461 (1995). **Normally**, the question would be whether the monetary recovery sought by Plaintiffs and by Cross-Plaintiffs in the state court action would have an effect on the Debtor's estate being administered in bankruptcy.    The only possible claim at issue which might be "related to" the Debtor's bankruptcy is Garlock's cross-action against "all Co-Defendants" for indemnification and/or contribution.   In fact, at the hearing held on October 30, 2001, Garlock conceded that, after Plaintiffs' dismissal with prejudice of the Debtor, the only remaining claim relevant to the removal is Garlock's cross-claim against the Debtor for contribution.   Arguably, claims such as the instant claim for contribution are not even ripe for adjudication. See, e.g., Pacor, 743 F.2d at 995 (discussing indemnification claims in the context of "related to" jurisdiction). Though this Court declines to find that Defendant lacks standing to remove, it should be noted that Garlock's contribution claims are, at best, tangentially and speculatively "related to" the bankruptcy. Compare, for example, Pacor, 743 F.2d at 995)("indemnity action not "related to" the bankruptcy); Matter of Walker, 51 F.3d 562 (5ʰ Cir. 1995) with In Re Dow Corning, 86 F.3d 482, 486 (6ᵗʰ Cir. 1996); In re Harrah's Entertainment, Inc. Securities Litigation, 1996 WL 684463 (E.D. La., Nov. 26, 1996). Assuming, *arguendo*, that Garlock's claim for contribution is still viable after Plaintiffs' dismissal with

**8**

prejudice of the Debtor,[4] the Court finds removal proper based on
Section 1452(a) and Section 1334, at least for those claims brought
against the Debtor. In the end,  it is clear that "related to"
jurisdiction is treated very broadly under the Pacor test adopted
by the Fifth Circuit in Wood. As such, the Court finds that the
contribution claims are arguably "related to" the bankruptcy, as
they could conceivably have an effect on the estate being
administered in bankruptcy.

### C.   SEVERANCE OF CLAIMS AGAINST THE DEBTOR AND TRANSFER PURSUANT TO 28 U.S.C. § 157(b)(5)

Rule 21 of the Federal Rules of Civil Procedure provides that
"[a]ny claim against a party may be severed and proceeded with
separately." FED.R.CIV.P. 21. "Severance under Rule 21 creates two
separate actions or suits where previously there was but one.
Where a single claim is severed out of a suit, it proceeds as a
discrete, independent action, and a court may render a final,
appealable judgment in either one of the resulting two actions
notwithstanding the continued existence of unresolved claims in the
other." United States v. O'Neil, 709 F.2d 361, 368 (5th Cir.
1983). The Court has broad discretion to sever claims. See Brunet
v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994).

---

[4]Texas law provides that "[e]ach liable defendant is entitled
to contribution from each person who is not a settling person and
who is liable to the claimant for a percentage of responsibility
but from whom the claimant seeks no relief at the time of
submission." Tex. Civ. Prac. & Rem. Code Ann. §33.016(b).

9

Because Plaintiffs no longer have claims against the Debtor in this case and because Plaintiffs' state court personal injury action has already proceeded so far in the state court system, severance of all claims against the Debtor appears warranted. Accordingly, the Court SEVERS out all claims against the Debtor (the "severed claims")[7] from the above-styled cause number. These severed claims shall retain the same cause number, however, as this Court determines all *other* claims are to be remanded for equitable reasons. *See infra* Section III.D.

In addition to removing this case, Garlock moved to transfer the case for venue determinations pursuant to 28 U.S.C. § 157(b)(5) to the District Court in which Debtor's bankruptcy is pending in Delaware. Title 28 U.S.C. § 157(b)(5) provides that

> [t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, *as determined by the district court in which the bankruptcy is pending.*

28 U.S.C. § 157(b)(5)(emphasis added); <u>Baumgart v. Fairchild Aircraft Corp.</u>, 981 F.2d 824, 829 (5th Cir. 1993). One purpose of Section 157(b)(5) is "to centralize the administration of the estate and to eliminate the multiplicity of forums for the adjudication of parts of a bankruptcy case." <u>A.H. Robins Co. v.</u>

---

[7]It is likely that Garlock's Co-Defendants also have claims against the Debtor. The Court reiterates that **all** claims against the Debtor are severed, whether asserted by Garlock or by other Defendants.

10

Piccinin, 788 F.2d 994, 1011 (4th Cir.1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). The Fifth Circuit has noted that (1) the language of § 157(b)(5) delineates venue between the *bankruptcy courts* and the *district courts* ("non-core proceedings such as personal injury tort and wrongful death claims shall not be adjudicated in bankruptcy court, but in the Article III district court"); and (2) the district court in which the bankruptcy is pending shall have power to order tried in its own venue personal injury tort and wrongful death claims filed elsewhere, or to order such cases tried in the districts where the claims arose. Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824, 833 (5ᵗʰ Cir. 1993).[6] The Court FINDS that transfer of the severed claims against the Debtor for venue determinations is warranted

_____

[6]Garlock would have this Court simply transfer the entire action pursuant to 28 U.S.C. § 157(b)(5) while declining to first determine whether the Court has jurisdiction over the case at all. Though such a course of action would certainly yield the preferred result for Garlock, the Court declines to ignore settled principles regarding the limits of the jurisdictional authority of federal courts by simply skipping over an analysis of the propriety of removal in this case and becoming a legal way-station under Section 157(b)(5).   28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."   28 U.S.C. § 1447(c) (emphasis added).   A district court should constantly examine the controversies before it in order to determine the presence of subject matter jurisdiction and, if such jurisdiction is found lacking, the district court *must* remand to state court if appropriate, or otherwise dismiss. See Coleman v. Alcolac, Inc., 888 F. Supp. 1388, 1394 (S.D. Tex. 1995).   In sum, the Court refuses to entertain a motion to transfer under 28 U.S.C. § 157(b)(5) prior to an examination of its jurisdiction.

11

under 28 U.S.C. § 157(b)(5). Accordingly, the severed claims[*] are TRANSFERRED to the District Court in Delaware for a determination of venue.

> **D.** **AS A RESULT OF THE SEVERANCE AND TRANSFER UNDER SECTION 157(b)(5) OF CLAIMS AGAINST THE DEBTOR, ALL OTHER CLAIMS SHOULD BE REMANDED**

As this Court has severed out all claims against the Debtor and transferred them to the federal District Court in Delaware, the main claims remaining before this court are state law personal injury claims having nothing to do with Debtor's bankruptcy. As such, remand of all such claims is proper under 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") Moreover, even if the Court were to determine that it still had "related to" jurisdiction over the remaining claims by Plaintiff against *non-Debtor defendants*,[16] the Court would find equitable remand warranted under 28 U.S.C. §1452(b). Garlock

---

[*] Again, the Court reiterates that the "severed claims" include *all* claims against the Debtor whether asserted by Garlock or by other Defendants.

[16] Garlock notes that some Courts have held Section 157(b)(5) allows for the transfer of personal injury and wrongful death claims pending against non-debtor defendants who have been sued with a debtor under claims of joint and several liability. *See, e.g.*, In re Dow Corning Corp., 86 F.3d 496 (6th Cir. 1996); A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1009 (4th Cir.1986), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). However, in this case, Plaintiff has claims against non-debtor defendants *and no claims against the debtor*. Such important issues were not adequately addressed by Garlock in its filings.

12

specifically removed pursuant to 28 U.S.C. § 1452(a). Removals accomplished pursuant to 28 U.S.C. § 1452(a) are subject to motions to remand pursuant to 28 U.S.C. § 1452(b). Section 1452(b) provides that the "court to which... claim[s] or cause[s] of action [are] removed may remand...on any equitable ground." Such equitable grounds include:

> (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result.

Seale v. Owens & O-M Mgmt Group, Inc., 134 B.R. 181, 184 (Bankr. E.D. La. 1991)(quoting Browning v. Navarro, 743 F.2d 1069, 1076 n.21)(5th Cir. 1984)). Having severed out all claims against the Debtor, this Court finds no reason to retain jurisdiction over the remaining claims and parties. Venue determinations regarding any claims (if there are any such claims truly remaining) against the Debtor by its former Co-Defendants may be dealt with in the District Court in Delaware. Equity counsels that other claims should be swiftly remanded and allowed to continue to proceed in state court.

An analysis of the facts of this case indicate numerous factors favoring equitable remand are present. First, after severance, all that remains is an asbestos personal injury case

13

governed by state law and brought by Plaintiffs against a group of
non-debtor Defendants. The state court from which this action was
removed is certainly better able to respond to questions involving
state law; moreover, that court has already extensively dealt with
this case and is well-suited to continue trial on the merits of the
state claims. Principles of comity likewise support swift remand.
Additionally, Garlock's artfully-crafted tale of exponentially
increasing litigation caused by duplicative trials of Plaintiffs'
personal injury claims both in state court and in the Bankruptcy
Court is inapplicable and misleading. Garlock conveniently forgets
in its Response to Plaintiffs' Motion to Remand that not only did
Counsel for Plaintiffs move in open court to dismiss all claims
against the Debtor with prejudice, but Plaintiffs additionally
asserted that *they would not file any proofs of claim in the
Debtor's Bankruptcy case.* This Court acknowledges Plaintiffs'
assertions, and hereby GRANTS Plaintiffs' Oral Motion to Dismiss
all Claims against the Debtor with Prejudice. Moreover, Garlock's
claims for contribution are tenuous and remote, at best.[11] Finally,

---

"Even if Garlock is entitled to continue with its claim
against the Debtor, it is unclear whether Garlock's claim is
anything more than mere boilerplate language inserted in its
Answer. Garlock has never attempted to do any discovery of the
Debtor in this case, nor has Garlock ever attempted to get
contribution from Debtor in the myriad of prior cases in which
Garlock has "asserted" cross-claims for contribution against
Debtor. Though Garlock devotes much of its Response to Plaintiffs'
Motion to Remand explaining to this Court why lack of historical
collection and/or prosecution of its contribution claims should not
have any effect on this Court's analysis, Garlock utterly fails to

14

and perhaps most importantly, it is prejudicial and inherently unfair to the numerous parties who did not join in removal to interrupt a case already well-rooted in the state court. In fact, even when given the opportunity to speak at the hearing, not one of the involuntarily-removed defendants stood in support of Garlock's removal. An evaluation of the relevant factors convinces the Court that remand of the remaining claims, after severance of those claims against the Debtor, is the proper course of action.

### E.  MANDATORY AND PERMISSIVE ABSTENTION

Section 1334 provides for two types of abstention: discretionary abstention under 28 U.S.C. § 1334(c)(1) and mandatory abstention under 28 U.S.C. § 1334(c)(2). Section 1334(c)(1) provides that:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing

---

explain the lack of prosecution and development of this contribution claim. Finally, even if Garlock is entitled to contribution, such a claim is arguably not ripe unless and until Plaintiffs succeed in their claim against Garlock in the state court action.

15

> such proceeding if an action is commenced, and can be
> timely adjudicated, in a State forum of appropriate
> jurisdiction.

Any abstention issues (whether mandatory or permissive) as they

pertain to the contribution claims may, however, be decided by the

District Court in Delaware.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that all claims

against the Debtor in this action be SEVERED and TRANSFERRED to the

District Court in Delaware pursuant to 28 U.S.C. § 157(b)(5). The

Court also ORDERS that all remaining claims and causes of action be

REMANDED pursuant to 28 U.S.C. § 1447(c) and/or §1452(b) to the 94th

Judicial District Court of Nueces County, Texas, where the case was

originally filed and assigned Cause Number 00-5582-C.

SIGNED and ENTERED on this the ___7th___ of November, 2001.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE