IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| DAVID RAMOS, ET AL., § | | |
|     Petitioner, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. B-01-212 |
| § | | |
| HONEYWELL INTERNATIONAL, § | | |
| INC., ET AL., § | | |
|     Respondent. § | | |

## ORDER

Pending before the Court is Plaintiffs' Emergency Motion to Remand (Docket No. 8). For the reasons explained below, the plaintiffs' motion is GRANTED in part and DENIED in part.

### I. BACKGROUND

On November 28, 2000, the plaintiffs filed this action in the 357th Judicial District Court, Cameron County, Texas, against several corporate defendants, including Honeywell International, Inc. ("Honeywell") and Federal-Mogul Global, Inc. (collectively "Federal Mogul"). In their original petition, the plaintiffs alleged that they suffered injuries as a result of their exposure to asbestos-containing products that were designed, manufactured, installed, and sold by the defendants. (Docket No. 1, Exhibit B). While the suit was pending, Federal Mogul filed a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* Subsequently, Honeywell removed the case to federal court, and in response, the plaintiffs have now filed a motion requesting that this Court remand the case to state court and award the plaintiffs attorneys' fees incurred as a result of removal. This Court agrees that this action should be remanded, but it does not deem attorneys' fees appropriate in this case.

1

## II. DISCUSSION

### A. *"Related to" Jurisdiction*

Removal statutes must be strictly construed against removal and in favor of remand. *See Eastus v. Blue Bell Creameries*, 97 F.3d 100, 106 (5th Cir. 1996). The party seeking the removal of an action from state court must establish that the suit lies within the limited jurisdiction of a federal court. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Honeywell removed this case pursuant to 28 U.S.C. § 1334(b). Section 1334(b) grants districts courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Honeywell has asserted contribution and indemnification claims against Federal Mogul, and it contends that these claims are "related to" Federal Mogul's bankruptcy proceedings.

"Related to" bankruptcy jurisdiction must be narrowly construed because an overly broad interpretation of section 1334(b) "may bring into federal court matters that should be left for state courts to decide." *Feld v. Zale Corp. (In re Zale)*, 62 F.3d 746, 752 (5th Cir. 1995) (relying on *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 787-88 (11th Cir. 1990)).

> [Section 1334's] reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum.

*Id.* (quoting *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994)). A proceeding is "related to" a bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Arnold v. Garlock, Inc.*, ___ F.3d ___, 2001 WL 1669714, at *5 (5th Cir. 2001) (quoting *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999)). Thus, for jurisdiction to attach, the anticipated outcome of the action must alter the rights, obligations, and

2

choices of action of the debtor and have a conceivable effect on the administration of the estate. *See Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999). "Certainty, or even likelihood of such an effect, is not a requirement." *Arnold*, 2001 WL 1669714, at *5.

Generally courts have upheld "related to" jurisdiction over third-party actions when the subject of the third-party dispute is property of the estate or because the dispute over the asset would have an effect on the estate. *See In re Zale*, 62 F.3d 746, 753 (5th Cir. 1995). Accordingly, "related to" bankruptcy proceedings include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541 and (2) suits between third parties which have an effect on the bankruptcy estate. *Arnold*, 2001 WL 1669714, at *4. Honeywell's alleged contribution and indemnification claims fall within the latter category.

### B. Contribution and Indemnification Claims as Bases for "Related to" Jurisdiction

In *Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Connecticut (In re Dow Corning)*, 86 F.3d 482, 486-87 (6th Cir. 1996), a number of silicone gel breast implant manufacturers, who were co-defendants of the debtor Dow Corning in breast implant lawsuits, sought to remove the actions from state to federal court and then transfer the cases to the district court in which Dow Corning's bankruptcy proceedings were pending. The non-debtor co-defendants argued that "related to" jurisdiction existed because the defendants, including Dow Corning, had asserted cross-claims against each other that would have an effect on Dow Corning's bankruptcy estate. *In re Dow Corning*, 86 F.3d at 490. Furthermore, although some of the co-defendants had not yet filed contribution and indemnification claims relating to the implant litigation in Dow Corning's bankruptcy case, the co-defendants maintained that they had contingent claims for contribution and indemnification that would have a conceivable effect on the bankruptcy proceedings. *Id.* Additionally, the non-debtor co-defendants asserted that Dow Corning itself

3

possibly had contribution and indemnification claims against the co-defendants under theories of joint and several liability. *Id.* Finally, the co-defendants urged that the asserted contribution and indemnification claims affected Dow Corning's rights, liabilities, options, and freedom of action in the administration of its estate, and thus, the claims needed to be resolved as part of Dow Corning's bankruptcy proceedings and reorganization plan. *Id.* at 491. The Sixth Circuit agreed, indicating that "when [a] plaintiff alleges liability resulting from the joint conduct of the debtor and non-debtor defendants, bankruptcy jurisdiction exists over all claims under section 1334." *Id.* at 492 (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 94 (5th Cir. 1987)). The court concluded that

> [It] is not necessary for the [plaintiffs] first to prevail on their claims against the nondebtor defendants, and for those companies to establish joint and several liability on Dow Corning's part, before the civil actions pending against the nondebtors may be viewed as conceivably impacting Dow Corning's bankruptcy proceedings. . . . The potential for Dow Corning's being held liable to the nondebtors in claims for contribution and indemnification, or vice versa, suffices to establish a conceivable impact on the estate in bankruptcy. Claims for indemnification and contribution, whether asserted against or by Dow Corning, obviously would affect the size of the estate and the length of time the bankruptcy proceedings will be pending, as well as Dow Corning's ability to resolve its liabilities and proceed with reorganization.

*Id.* at 494.

The same holds true in the case at bar. In their original petition, the plaintiffs allege liability resulting from the joint conduct of the debtor and non-debtor defendants. The plaintiffs further claim that the defendants should be held jointly and severally liable for their asbestos-related injuries. Consequently, "[s]uccess against any of the defendants will have a potential effect on the estate[, and the resolution] of the dispute will necessarily involve . . . consideration of [Federal Mogul's] involvement in those actions." *In re Wood*, 825 F.2d at 95. Honeywell's contribution and indemnification claims is a sufficient basis for finding "related to" jurisdiction. *See Arnold*, 2001 WL 1669714, at *5 (directing attention to *In re Dow Corning* and observing that a claim for

4

contribution by a non-debtor co-defendant against a debtor in bankruptcy is a sufficient basis for finding "related to" jurisdiction). However, based on the Fifth Circuit's holding in *Arnold*, Honeywell's contribution and indemnification claims must be valid in order to invoke "related to" jurisdiction. *See id.*, at *5-6.

### C. The Validity of Honeywell's Contribution and Indemnification Claims

Honeywell's contribution and indemnification claims arise from Texas state law. TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq.*; *see also Arnold*, 2001 WL 1669714, at *5 (finding that no federal right to contribution may be invoked under 11 U.S.C. § 362 and that asserted contribution claims arise under state law). In Texas, injuries and property damage arising from negligence are apportioned among multiple tortfeasors according to their respective percentage of responsibility that is found by a jury. TEX. CIV. PRAC. & REM. CODE § 33.013; *see also Cypress Creek Utility Service Co., Inc. v. Muller*, 640 S.W.2d 860, 865 (Tex. 1982). A party that is found jointly and severally liable is entitled to contribution from a co-defendant or other "responsible third party" to the extent that the party pays a percentage of the damages that is greater than his percentage of responsibility. TEX. CIV. PRAC. & REM. CODE § 33.015(a). Under the statute, a debtor in bankruptcy is not a "responsible third party" from whom contribution may be sought, "except to the extent that liability insurance or other source of third party funding may be available to pay claims asserted against the debtor." *Id.* § 33.011(6)(B)(ii). In other words, if a debtor has no liability insurance to pay for a plaintiff's alleged claims, then a co-defendant does not have a valid contribution claim against it.

It is not clear from Honeywell's notice of removal and the plaintiffs' motion to remand that the debtor Federal Mogul or its subsidiaries have liability insurance to pay any claims. If Federal Mogul has liability insurance, then Honeywell may invoke "related to" jurisdiction as a result of its valid contribution claim against Federal Mogul. Assuming this is the case, the plaintiffs have filed

a timely motion to remand, and all the requirements of mandatory abstention are satisfied. Under the mandatory abstention doctrine, a court is required to abstain from hearing a case brought under section 1334(b) if (1) a timely motion is filed; (2) the removed case is based on state law; (3) the case "relates to" a case under title 11 but does not "arise under" or "arise in" a case under title 11; (4) the case could not have been brought in federal court absent section 1334; and (5) the case can be timely commenced and adjudicated in state court. 28 U.S.C. § 1334(c)(2).

The plaintiffs' motion to remand is timely. The defendants removed the action December 26, 2001, and the plaintiffs filed their motion on January 29, 2002. Furthermore, the plaintiffs' action is a personal injury case based on Texas law. As discussed, Honeywell's contribution and indemnification claims are related to Federal Mogul's bankruptcy to the extent that Federal Mogul may have insurance to pay those claims. Additionally, this case could not have been initially brought in federal court because the plaintiffs did not plead any federal claims in their original petition. Diversity jurisdiction is also not present in this action because some plaintiffs and some defendants are citizens of the same state. Finally, this case is being timely adjudicated in state court. The parties have proceeded with discovery, and the case is progressing.

Assuming, *arguendo*, that Honeywell does not have a valid contribution claim against Federal Mogul because Federal Mogul has no liability insurance, this case should nonetheless be remanded despite that no "related to" jurisdiction exists. Under the permissive abstention doctrine, courts have broad discretion to abstain from hearing state law claims whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Discretionary abstention is appropriate where any combination of the following non-exclusive factors support the exercise of judicial restraint: (1) forum non conveniens; (2) possible bifurcation; (3) state court experience with state law; (4) expertise of the state court; (5) avoidance

of wasteful use of judicial resources; (6) comity; (7) likelihood of inconsistent results. *See Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984). Consideration of these factors weigh strongly in favor of remand.

This litigation solely involves issues of state law. Because valid contribution and indemnification claims are "related to" Federal Mogul's bankruptcy proceedings, this Court should not rush to usurp the traditional precincts of the state court. *See O'Rourke v. Cairns*, 129 B.R. 87, 90 (E.D. La. 1991). Moreover, asbestos litigation is specialized, complex, and unique, and state courts have developed a level of expertise dealing with these types of cases. *See McCratic v. Bristol-Myers Squibb & Co.*, 183 B.R. 113, 115-16 (N.D. Tex. 1995). Furthermore, the parties in this case that have not sought removal have been prejudiced because the litigation essentially starts over in federal court. Finally, a waste of judicial resources, with the possibility of inconsistent results, might result if the case remains in this Court.

### D. Award of Attorneys' Fees Under 28 U.S.C. § 1447(c)

Section 1447(c) provides:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees incurred as a result of removal.

28 U.S.C. § 1447(c). A court's discretion to award attorney's fees under section 1447(c) is triggered only if the court first finds that the defendant's decision to remove was legally improper. *See Avitts v. Amoco*, 111 F.3d 30, 32 (5th Cir. 1997) (relying on *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993)). The propriety of the defendant's action in removing the case is central to the determination of whether fees should be awarded. *Id.* In undertaking this analysis, the court should only look to

"the complaint at the time the petition for removal was filed." *Id.* Notwithstanding that this Court concludes that mandatory and permissive abstention dictate that this action be remanded to state court, the Court finds that Honeywell's attempt at removal was not legally improper. In their original petition, the plaintiffs allege that the debtor Federal Mogul and its non-debtor co-defendants are jointly and severally liable for their injuries, and, as a result, bankruptcy jurisdiction is invoked. *See In re Wood*, 825 F.2d at 94 (holding that "when [a] plaintiff alleges liability resulting from the joint conduct of the debtor and non-debtor defendants, bankruptcy jurisdiction exists over all claims under section 1334"). It is apparent that to the extent that Honeywell's contribution and indemnification claims are valid against Federal Mogul, this action is at least "related to" Federal Mogul's bankruptcy proceedings. *See Arnold*, 2001 WL 1669714, at *5. An award of attorneys' fees is not warranted in this case.

IT IS **ORDERED** that Plaintiffs' Emergency Motion to Remand (Docket No. 8) be **GRANTED IN PART** and **DENIED IN PART**. IT IS further **ORDERED** that this case be **REMANDED** to state court. Plaintiffs' request for attorney's fees incurred as a result of removal is **DENIED**.

DONE in Brownsville, Texas, on this 7th day of February, 2002.

Filemon B. Vela
United States District Judge