IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 7 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DAVID RAMOS, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. B-01-212 |
| § | |
| HONEYWELL INTERNATIONAL INC., § | |
| § | |
| Defendant. § | |

**HONEYWELL'S MOTION TO RECALL REMAND ORDER
AND BRIEF IN SUPPORT**

### I. Summary of Motion

Honeywell International Inc., formerly known as AlliedSignal Inc., as successor in interest to the Bendix Corporation ("Honeywell"), asks this Court to recall its remand order pursuant to the March 8, 2002 decision by the United States District Court for the Fifth Circuit in *In re DaimlerChrysler Corp. et al.*, No. 02-10029 (5th Cir., Mar. 8, 2002).[1]

### II. Argument and Authorities

In *DaimlerChrysler*, the Fifth Circuit granted five mandamus petitions filed by the Auto Makers, reversing remand orders entered by former Judge Joe Kendall (N.D. Tex.) on January 3, 2002. Although the U.S. District Court for the District of Delaware had provisionally transferred those claims, along with the claims against Honeywell, to itself on December 10, 2001, December 19, 2001 and January 3, 2002, Judge Kendall remanded asbestos friction claims against the Auto Makers to state court.

---

[1] *See In re DaimlerChrysler, et al.*, No. 02-10029 (5th Cir., Mar. 8, 2002), a true and correct copy attached hereto as Exhibit A.

**HONEYWELL'S MOTION TO RECALL
REMAND ORDER AND BRIEF IN SUPPORT**             **PAGE 1**

In granting the mandamus petitions and reversing Judge Kendall, the United States Fifth Circuit Court of Appeals ordered the District Court "to recall its remand orders" from state court.[2] The Fifth Circuit held the district courts had exceeded their jurisdiction in remanding these claims:

> Because the Delaware court had provisionally transferred these cases to itself and the district court in Texas was bound by this transfer order, the district court here did not have jurisdiction to remand these cases. Therefore, the district court exceeded its jurisdiction in remanding these cases, and its remand was without any effect.[3]

Honeywell asks this Court to recall its remand order in this case because it was entered under the same circumstances as *In re DaimlerChrysler*. The Auto Makers and Honeywell removed these cases to the District Court of Delaware pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure because of "related to" jurisdiction pertaining to the pending bankruptcy of Federal-Mogul Global, Inc. The remand order entered by the Court in this case was entered after the removed claims had already been provisionally transferred to Delaware. Accordingly, these claims were pending in the United States District Court of Delaware at the time this Court remanded them. Additionally, orders have been issued *sua sponte* in the Northern District of Texas, recalling remands that were granted after the provisional transfer order in cases removed by the Auto Makers.[4]

---

[2]   *Id.* at 5.

[3]   *Id.* at 4.

[4]   See *Abbott v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2454-M, slip op. (N.D. Tex. Mar. 14, 2002); *Bocox v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2477-M, slip op. (N.D. Tex. Mar. 14, 2002); *Bohanon v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2574-M, slip op. (N.D. Tex. Mar. 14, 2002); *Bowser v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2393-M, slip op. (N.D. Tex. Mar. 14, 2002); *Bozant v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2427-M, slip op. (N.D. Tex. Mar. 14, 2002); *Bush v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2861-M, slip op. (N.D. Tex. Mar. 14, 2002); *Chargois v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2395-M, slip op. (N.D. Tex. Mar. 14, 2002); *Clark v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2446-M, slip op. (N.D. Tex. Mar. 14, 2002); *Conn v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2389-M, slip op. (N.D. Tex. Mar. 14, 2002); *Cotton v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2388-M, slip op. (N.D. Tex. Mar. 14, 2002); *Dorn*

Further, this case is still pending in the United States Court of Appeals for the Third Circuit, where the Delaware court's February 8, 2002 order declining to exercise jurisdiction over the claims has been appealed – and where a stay order has been issued preventing remands pending determination by that Court.[5]

Likewise, the United States Court of Appeals for the Seventh Circuit issued a writ of mandamus February 15, 2002 and ordered the Chief United States District Judge for the Southern District of Illinois to recall 155 remands of cases removed by friction defendants, cases fully analogous to those at issue here.[6] The Seventh Circuit Court of Appeals held that the Southern District trial court lacked jurisdiction to remand because the cases had already been transferred to the District of Delaware, just as this case had been transferred when this Court remanded it:

> [T]he Southern District of Illinois no longer had jurisdiction over the cases, and Chief Judge Murphy lacked the authority to remand the cases to Illinois state court. The remand order therefore must be recalled as

---

*v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2348-M, slip op. (N.D. Tex. Mar. 14, 2002); *Ego v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2284-M, slip op. (N.D. Tex. Mar. 14, 2002); *Hackney v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2461-M, slip op. (N.D. Tex. Mar. 14, 2002); *Holloway v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2465-M, slip op. (N.D. Tex. Mar. 14, 2002); *Holmes v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2343-M, slip op. (N.D. Tex. Mar. 14, 2002); *Lacy v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2387-M, slip op. (N.D. Tex. Mar. 14, 2002); *Norman v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2476-M, slip op. (N.D. Tex. Mar. 14, 2002); *Otto v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2412-M, slip op. (N.D. Tex. Mar. 14, 2002); *Rozell v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2576-M, slip op. (N.D. Tex. Mar. 14, 2002); *Spangenberg v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2555-M, slip op. (N.D. Tex. Mar. 14, 2002); *Stapp v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2370-M, slip op. (N.D. Tex. Mar. 14, 2002); *Stratton v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2394-M, slip op. (N.D. Tex. Mar. 14, 2002); *Stuchlik v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2496-M, slip op. (N.D. Tex. Mar. 14, 2002); *Walker v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2453-M, slip op. (N.D. Tex. Mar. 14, 2002); *Burke v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2399-M, slip op. (N.D. Tex. Mar. 14, 2002); *Hillin v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2459-M, slip op. (N.D. Tex. Mar. 14, 2002); *Pinckard v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2428-M, slip op. (N.D. Tex. Mar. 14, 2002); *Rockwell v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2382-M, slip op. (N.D. Tex. Mar. 14, 2002); *Webster v. DaimlerChrysler Corp., et al.*, No. 3:01-CV-2456-M, slip op. (N.D. Tex. Mar. 14, 2002).

[5] A true and correct copy of the Third Circuit's stay order of February 11, 2002 is attached hereto as Exhibit B. The Third Circuit clarified its previous order on March 19 stating that the temporary stay applies to all appellants and to all removed claims that were before the Delaware District Court. A true and correct copy of the Third Circuit's stay order of March 19, 2002 is attached hereto as Exhibit C.

[6] A true and correct copy of the Seventh Circuit's February 15, 2002 order issuing a writ of mandamus is attached hereto as Exhibit D.

improvidently granted.[7]

Thus the Seventh Circuit issued a writ of mandamus against the District Judge and specifically ordered Judge Murphy to recall his remands because the "cases were transferred to the District of Delaware on December 10, 2001, and are among the cases currently pending before the Third Circuit."[8]

This Court retains jurisdiction to recall its remand under these circumstances. In *In re Shell Oil Co.*, the Fifth Circuit held:

> It is clear that, where an exception to non-reviewability exists, an appellate court has jurisdiction to review the remand order, ***and a district court has jurisdiction to review its own order, and vacate or reinstate that order.***[9]

Likewise, the Fifth Circuit held that a district court retains jurisdiction to recall remand orders, and on that basis the Fifth Circuit directed the district court in *DaimlerChrysler* to recall its remands as improvidently granted.[10]

### III. Prayer

Honeywell asks this Court to recall its remand order remanding this action and withhold further ruling (i) in conformity with the Fifth Circuit's ruling in *DaimlerChrysler*, (ii) in conformity with the emergency temporary stay issued by the United States Court of Appeals for the Third Circuit and (iii) pursuant to the Seventh Circuit mandamus, and for such other and further relief to which it may show itself justly entitled and such that justice be done.

---

[7] *Id.* at 2.

[8] *Id.*

[9] *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991) (emphasis added).

[10] *See In re DaimlerChrysler, et al.*, No. 02-10029 (5th Cir., Mar. 8, 2002), a true and correct copy attached hereto as Exhibit A.

Respectfully submitted:

By: /s/ Dawn M. Wright
Dawn M. Wright
"Attorney-in-charge"
State Bar No. 12742030
Southern Bar No. 11545

THOMPSON & KNIGHT L.L.P.
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (facsimile)

ATTORNEYS FOR DEFENDANT
HONEYWELL INTERNATIONAL INC.

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 20th day of March 2002, an attorney in my office conferred with counsel for Plaintiffs and Plaintiffs do not agree to a recall of the remand in this matter.

/s/ Dawn M. Wright
Dawn M. Wright

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March 2002, a true and correct copy of the foregoing document was served on counsel for Plaintiffs via United States Express Mail.

/s/ Dawn M. Wright
Dawn M. Wright

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**

MAR -8 2002

CHARLES R. FULBRUGE III
CLERK

Nos. 02-10029, 02-10034, 02-10035,
02-10036, 02-10037

In Re: DAIMLERCHRYSLER CORPORATION; GENERAL MOTORS CORPORATION; FORD MOTOR COMPANY,

Petitioners.

---

Petition for Writ of Mandamus to the United States
District Court for the
Northern District of Texas, Dallas Division

---

Before JOLLY, JONES, and STEWART, Circuit Judges.

BY THE COURT:

DaimlerChrysler Corporation, General Motors Corporation, and Ford Motor Company ("the Auto Makers"), have filed petitions for writs of mandamus in these five related cases, challenging the orders of the district court remanding these cases to state court. For the following reasons, we GRANT the mandamus petitions. We also DENY the motion for sanctions filed by plaintiffs Dunn and Maillot.

I

The plaintiffs in these five related cases filed suit in Texas state court against one or more of the Auto Makers, as well as other defendants, alleging they suffered injuries caused by asbestos

1



EXHIBIT
A

contained in brake pads of the vehicles sold by the Auto Makers. Federal-Mogul Global, Inc. ("Federal-Mogul"), was a supplier of asbestos to the Auto Makers, and a defendant in the Means case (No. 02-10034). One of Federal-Mogul's subsidiaries, Garlock, Inc., was a defendant in the Munoz case (No. 02-10037). On October 1, 2001, Federal-Mogul filed for Chapter 11 Bankruptcy in the United States District Court for the District of Delaware ("Delaware"). On November 20, the Auto Makers filed a motion in Delaware to transfer to Delaware all claims against them relating to asbestos in car friction products, pursuant to 28 U.S.C. § 157(b)(5).[1] The Auto Makers removed to federal court two of the cases that are the subject of this mandamus petition, Swan (No. 02-10035) and Munoz (No. 02-10037), on December 4 and 5, respectively, on the ground that they were related to the bankruptcy proceeding.[2] On December 10, the district judge in Delaware entered an order under § 157(b)(5) provisionally transferring to Delaware all cases pending in federal district courts against the Auto Makers arising out of "friction products" cases in which the Auto Makers contended they had a right to indemnification from Federal-Mogul in the bankruptcy proceeding. The other three cases that are the subject of this petition -- Means (No. 02-10034), Malliot (No. 02-10036), and Dunn (No. 02-10029) -- were not removed to federal court until December 21, 27, and 28. On

---

[1] This section provides that: "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

[2] Cases that are related to bankruptcy cases filed under Title 11 can be removed to district court. 28 U.S.C. § 1452(a) ("A party may remove any claim in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim under section 1334 of this title.") Title 28 U.S.C. § 1334(a) provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Additionally, "[n]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

2

January 3, 2002, the district court in Delaware provisionally transferred to itself any cases removed to federal court since December 10 that would have been provisionally transferred under the original order. On January 3, the district court in Texas purported to remand these five cases to state court for a lack of subject matter jurisdiction. The Auto Makers moved the Texas district court for reconsideration on January 7, but were informed on January 8 by the clerk for the Northern District of Texas that the remand notices already had been mailed to the state courts. The Auto Makers then filed these mandamus petitions.

II

Although the language of § 157(b)(5) does not specifically provide for "provisional" transfers, a number of courts have found provisional transfer under § 157(b)(5) to be appropriate. The Eastern District of Michigan approved a recommendation by the bankruptcy court to provisionally transfer a number of personal injury cases pending against the debtor, subject to a final determination to be made later. In re: Dow Corning Corp., 1995 WL 495978 (Bankr. E.D. Mich. 1995). In In re: A.H. Robins, 788 F.2d 994, 1015-16 (4th Cir. 1986), the Fourth Circuit made clear that the district court's ruling under § 157(b)(5) bringing all pending suits against the debtor before the district court sitting in bankruptcy was "conditional," subject to giving adequate notice and an opportunity to file motions to all claimants. The Seventh Circuit relied on Robins in holding that a district court in the Southern District of Illinois was bound by the Delaware court's provisional transfer order (the same one involved in the five cases before us) and that the cases had been "effectively transferred" to Delaware. In re: General Motors Corp. and DaimlerChrysler Corp., No. 02-1273 (7th Cir. Feb. 15, 2002). The Seventh Circuit therefore granted the petition for a writ of mandamus and ordered the district court to recall its remand of the cases to Illinois state court. Id.

3

Additionally, the Supreme Court has made clear in Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995), that one federal court is bound by the proper orders of another federal court. Specifically, in Celotex the Court found that a federal district court in which the Edwards had been awarded a judgment and in which Celotex had posted a supersedeas bond (with Northbrook Property and Casualty Insurance Company serving as the surety on the bond), was bound by an injunction entered by a separate bankruptcy court under 11 U.S.C. § 105(a) staying all proceedings involving Celotex. Id. The Edwards should have challenged the injunction in the bankruptcy court, and if they lost appealed it to the district court where the bankruptcy judge sat, etc., rather than collaterally attacking the injunction in another court in another proceeding. Id.

Considering the principles articulated by the Supreme Court in Celotex, and the Seventh Circuit's recent opinion on the same issue presented to us, we find that the writs of mandamus should be granted in this case. We recognize that a writ of mandamus is an "extraordinary remedy." Adams v. Georgia Gulf Corp., 237 F.3d 538, 542 (5th Cir. 2001). This court has stated that it will grant a writ of mandamus "only if the petitioner can show its right to the writ is clear and indisputable. Mandamus is appropriate when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court." In re Dresser Industries, Inc., 972 F.2d 540, 542-43 (5th Cir. 1992) (citations omitted). Because the Delaware court had provisionally transferred these cases to itself and the district court in Texas was bound by this transfer order, the district court here did not have jurisdiction to remand these cases. Therefore, the district court exceeded its jurisdiction in remanding these cases, and its remand was without any effect.

4

III

We therefore GRANT the petitions for writs of mandamus in these cases. The district court is directed to recall its remand orders. These cases were transferred to Delaware by the December 10, 2001 and January 3, 2002 remand orders, and are currently pending before the Third Circuit.[3]

Because we find these mandamus petitions to be meritorious, the motion by plaintiffs Dunn and Malliot for sanctions is DENIED.[4]

Mandamus GRANTED; sanctions DENIED.

---

[3] We note that on February 8, 2002, the Delaware court found that it did not have subject matter jurisdiction over the transferred cases and ordered them remanded to the state courts from which they were removed. Because these cases had been transferred to Delaware, they are subject to the Delaware court's order which is on appeal to the Third Circuit. The Third Circuit has stayed the Delaware court's later order pending appeal.

[4] The plaintiffs' motion for sanctions was based in part on the Auto Makers' allegations that the district judge, Judge Kendall, was biased in these cases. We find no merit to these allegations. Instead, we deny the motion for sanctions simply because we find these petitions to be meritorious.

5

FEB-12-2002  15:31      US COURT OF APPEALS           215 597 3740   P.02

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-1426

In Re: Federal-Mogul Global, Inc., et al.

Daimler Chrysler Corporation, Ford Motor
Company and General Motors Corporation,
Appellants

(DC No. 01-10578 (AMW))

Present:    Scirica, Circuit Judge

1) Emergency Motion for Stay Pending Appeal by Appellants

_____ORDER_____

The forgoing Motion for stay is granted temporarily in order for the Court to receive responses to the motion from opposing counsel and for full consideration of the matter by a three judge panel. Appellees' shall file written responses to the motion for stay on or before 10:00 am, Friday, February 15, 2002.

For the Court,

/s/ Scirica
Clerk

Dated: FEB 11 2002
DSC/cc: CL, EW, ET
RM, AR, PK
ME, JK, WW
RP, JSG

EXHIBIT B

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

Nos. 02-1426, 02-1491, 02-1492, 02-1528, 02-1652, 02-1688 & 02-1741

In Re: Federal-Mogul Global, Inc., et al.

Present: Scirica, Circuit Judge

1) Motion for Clarification of Court Order Entered February 11, 2002

_____ ORDER _____

The forgoing Motion for clarification is granted. The temporary stay issued on February 11, 2002 applies to all appellants and to all removed claims that were before the Delaware District Court.

By the Court,

Circuit Judge

Dated: MAR 19 2002

nnb/cc: All Counsel of Record



# United States Court of Appeals

*For the Seventh Circuit*
*Chicago, Illinois 60604*

Submitted February 6, 2002
Decided February 15, 2002

*Before*

Hon. DANIEL A. MANION, Circuit Judge

Hon. MICHAEL S. KANNE, Circuit Judge

Hon. DIANE P. WOOD, Circuit Judge

| | |
|---|---|
| IN RE: GENERAL MOTORS CORPORATION and DAIMLERCHRYSLER CORPORATION, Petitioners. | ] Petition for a Writ ] of Mandamus. ] |
| No. 02-1273 | ] No. 01 C 794 ] ] G. Patrick Murphy, ] Chief Judge. |

    The following is before the court: **PETITION FOR WRIT OF MANDAMUS**, filed on February 4, 2002, by counsel for the petitioners.

    The petitioners, General Motors and DaimlerChrysler, ask this court to vacate the order issued by Chief Judge Murphy on January 29, 2002, remanding to Illinois state court 155 personal injury and wrongful death cases. They argue that Chief Judge Murphy lacked the authority to enter the remand order because the cases already had been transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 157(b)(5), for consideration with a Chapter 11 bankruptcy case pending before the court.

    On December 10, 2001, Judge Wolin, sitting by designation in the District of Delaware, entered an order provisionally transferring the cases to the District of Delaware. Judge Wolin also scheduled a hearing to consider the pending motions to transfer and to determine whether federal subject matter jurisdiction exists over the cases. As the Fourth Circuit has acknowledged, a district court can enter a



EXHIBIT D

No. 02-1273                                                                    2

provisional transfer fixing venue before it and then conduct the necessary inquiries before entering a final transfer order. *A.H. Robins v. Piccinin*, 788 F.2d 994, 1015-16 (4th Cir. 1986)). Such a provisional order brings all the pending suits before the transferee court "for the time being." *Id.* at 1015.

The December 10th provisional transfer order effectively transferred the cases pending in the Southern District of Illinois to the District of Delaware. The order contemplated an immediate transfer, and no further action was necessary to effectuate the transfer. Accordingly, the Southern District of Illinois no longer had jurisdiction over the cases, and Chief Judge Murphy lacked the authority to remand the cases to Illinois state court. The remand order therefore must be recalled as improvidently granted. *See In re Continental Casualty Co.*, 29 F.3d 292, 295 (7th Cir. 1994).

We note that on February 8, 2002, Judge Wolin conducted the contemplated hearing and, like Chief Judge Murphy, determined that the federal courts lack subject matter jurisdiction over the cases. Judge Wolin ordered the cases remanded to the state courts from which they were removed. Because the cases at issue were already before the District of Delaware, the cases are now subject to Judge Wolin's February 8th remand order. The petitioners, however, have appealed the February 8th order, and the Third Circuit has temporarily stayed the remand order.

For the foregoing reasons, **IT IS ORDERED** that the petition for writ of mandamus is **GRANTED**. Chief Judge Murphy shall recall his remand. The cases were transferred to the District of Delaware on December 10, 2001, and are among the cases currently pending before the Third Circuit.