IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
APR 0 3 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DAVID RAMOS, ET AL., | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-212 |
| | § | |
| HONEYWELL INTERNATIONAL, | § | |
| INC., ET AL., | § | |
| Respondent. | § | |

## ORDER

Pending before the Court is Honeywell's Motion to Recall Remand Order and Brief in Support (Docket No. 10). For the reasons discussed below, Honeywell's motion is **GRANTED**.

### Discussion

On February 11, 2002, this Court entered an order, directing that this action be remanded to state court. (Docket No. 9). Honeywell now urges this Court to recall its remand order. Honeywell principally relies on the recent unreported decision of the Fifth Circuit Court of Appeals, *In re DaimlerChrysler Corp.*, No. 02-10029 (5th Cir. Mar. 13, 2001). In *DaimlerChrysler*, the Fifth Circuit granted five mandamus petition filed by the Automakers, ordering the district court to recall its remand orders. The Fifth Circuit held that:

> Mandamus is appropriate when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court. Because the Delaware court had provisionally transferred these cases to itself and the district court in Texas was bound by this transfer order, the district court here did not have jurisdiction to remand these cases. Therefore, the district court exceeded its jurisdiction in remanding these cases, and its remand was without any effect.

*Id.* at 4 (citations and quotations omitted).

The remand order in the case at bar was entered under the same facts and circumstances as

1

*DaimlerChrysler*. The plaintiffs originally filed their suit in state court. Subsequently, co-defendant Federal Mogul Global, Inc. ("Federal Mogul") filed Chapter 11 Bankruptcy in the United States District Court for the District of Delaware. The Automakers, seeking the writ in *DaimlerChrysler*, and Honeywell removed these cases to the District Court of Delaware, pursuant to 28 U.S.C. § 157(b)(5), on the ground that they were related to Federal Mogul's bankruptcy proceeding. The plaintiffs in this case filed an emergency motion to remand, which this Court granted. However, based on the holding in *DaimlerChrysler*, this Court had no jurisdiction to remand this case because the removed claims had been provisionally transferred to the United States District Court of Delaware under section 157(b)(5). Currently, this case as well as others that were removed to Delaware are pending in the United States Court of Appeals for the Third Circuit because the district court declined to exercise jurisdiction over the claims. The Third Circuit has issued a stay order preventing remands pending determination by that Court.

IT IS **ORDERED** that Honeywell's Motion to Recall Remand Order (Docket No. 10) is **GRANTED**. This Court hereby **RECALLS** its remand order entered February 11, 2002 (Docket No. 9). This case is provisionally transferred to the United States District Court for the District of Delaware and is currently pending before the Third Circuit.

DONE in Brownsville, Texas, on this 3rd day of April, 2002.

_____
Filemon B. Vela
United States District Judge